**REVERSE and REMAND; and Opinion Filed March 18, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00162-CV

### GREYSTAR, LLC, Appellant
### V.
### MELISSA ADAMS, Appellee

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-06022**

## OPINION

Before Justices O'Neill, Myers, and Brown
Opinion by Justice O'Neill

The underlying lawsuit in this appeal involves the circumstances surrounding Appellee Melissa Adams's termination from employment with appellant Greystar, LLC.[1] Appellee allegedly served appellant; however, appellant failed to answer. The trial court entered default judgment on August 23, 2012 and final judgment was entered on September 17, 2012. Appellant timely filed this restricted appeal.

In a single issue, appellant argues it was not properly served. Specifically, it contends error is apparent from the face of the record because (1) the return citation reflects delivery on an individual other than the registered agent as identified in the citation, and (2) the return of citation does not affirmatively show that the person who accepted service had authority to do so

---

[1] The Original Petition identified Greystar without any corporate designation; however, the text of her pleadings refers to "Greystar, LLC." The notice of appeal states, "Defendant, Greystar Management, L.P., incorrectly named as 'Greystar, LLC' ('Defendant'), files this Notice of Restricted Appeal . . . ."

on its behalf. Appellee argues the appeal should be dismissed for want of jurisdiction, or alternatively, appellant was properly served.

We deny appellee's motion to dismiss. Because appellant has shown error on the face of the record and was not properly served, we reverse the trial court's judgment and remand to the trial court for further proceedings.

## Background

Appellee worked as a community manager for appellant at an apartment complex in Plano, Texas. In October of 2010, appellee informed appellant she was pregnant. A month later, she received a review and was then demoted to an assistant manager at a different apartment complex. Appellee believed she was being retaliated against because of her pregnancy in violation of the Texas Labor Code. After she was terminated, she filed suit against "Greystar," even though she referred to appellee as "Greystar, LLC" in the body of the original petition.

Citation was issued on May 31, 2012 in the matter of "Melissa Adams vs. Greystar LLC" and was addressed as follows:

> To: Greystar LLC
> Its registered agent CT Corporation System
> 350 N St Paul St STE 2900
> Dallas, Texas 75201

An affidavit of service was filed on June 11, 2012 stating in relevant part:

> Came to hand on **Friday, June 1, 2012 at 10:15 AM**,
> Executed at : **1705 COIT ROAD 2900, PLANO, TX 75075**
> within the county of **COLLIN at 4:15 PM**, on **Tuesday, June 5, 2012**, by delivering to the within named:
>
> **GREYSTAR LLC**
>
> By delivering to its **Office Manager, JAMIE DAITCH**
> Each, in person a true copy of this
>
> **CITATION AND PLAINTIFF'S ORIGINAL PETITION with EXHIBIT A**

Appellant did not answer or otherwise respond to the original petition.

Appellee filed a motion for default judgment, which the trial court granted on August 23, 2012. A hearing was set for the trial court to hear evidence as to unliquidated damages on September 17, 2012. After hearing evidence, the trial court entered a final judgment on September 17, 2012 awarding appellee $19,925 in past lost earnings, $12,740 for future lost earnings, $50,000 for compensatory damages, and $5,000 in attorneys' fees.

Appellant did not timely file any post-judgment motions, request for findings of fact and conclusions of law, or a notice of appeal. However, it timely filed a notice of restricted appeal on January 22, 2013. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004) (a party must file notice of a restricted appeal within six months after the judgment was signed).

### Appellee's Motion to File Separate Appendix

Before addressing the merits of the appeal, we must address appellee's motion to file a separate appendix. The appendix contains documents from the Equal Employment Opportunity Commission ("EEOC"), documents from the Secretary of State, and an affidavit. Appellant filed a response arguing the motion should be denied because appellee did not present these documents as evidence to the trial court; therefore, they are not a part of the appellate record for our consideration.

It is well-established an appellate court may not consider matters outside the record, which includes documents attached to a brief as an exhibit or an appendix that were not before the trial court. *Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533, 534 (Tex. App.—Dallas 1987, no writ); *see also Robb v. Horizon Cmty. Improvement Ass'n*, 417 S.W.3d 585, 589 (Tex. App.—El Paso 2013, no pet.). However, we may consider submitted documents that are outside the record for the limited purpose of determining our own jurisdiction. TEX. GOV'T CODE ANN.

–3–

§ 22.220(c) (West Supp. 2013); *Harlow Land Co. v. City of Melissa*, 314 S.W.3d 713, 717 n. 4 (Tex. App.—Dallas 2010, no pet.).

We agree with appellee that exhibits B and C, the documents from the Secretary of State, are relevant to our determination of jurisdiction as raised in her motion to dismiss. In order to determine which sections of the Texas Business Organizations Code apply, we must know the structures of the business organizations involved and whether they are properly registered in this State. Accordingly, we grant her motion to file a separate appendix as to these documents only.

However, the EEOC documents and the affidavit of the process server are not relevant to any issue for the purpose of determining our jurisdiction. Moreover, although appellee argues the EEOC documents were "referenced in the record" because "The Notice of Right to File a Civil Action recites that the case was processed by the EEOC," we refuse to allow in ninety-seven pages of information regarding the EEOC investigation that the trial court never considered and was merely "referenced" in another document. Accordingly, we deny appellant's motion to include Exhibits A and D. We now turn to appellee's motion to dismiss.

### Motion to Dismiss

In her brief and in a separate motion, appellee challenges this court's jurisdiction and requests dismissal of the appeal. She contends because appellant's general partner, GREP General Partner, LLC, has never registered with the Secretary of State to conduct business in Texas, appellant has violated provisions of the Texas Business Organizations Code and cannot maintain this appeal. Appellant responds Greystar Management Services, L.P. is a properly registered entity in Texas, and the Texas Business Organizations Code requires nothing more of it; therefore, appellee's argument is without merit.

Section 9.001 of the Texas Business Organizations Code requires a foreign entity to register with the Secretary of State in order to "transact business in this state." TEX. BUS. ORG.

–4–

CODE ANN. § 9.001(a) (West 2012).  Attached to her motion to dismiss, appellee included a "Certificate of Fact" from the Office of the Secretary of State stating a "diligent search of the records of this office was performed on the name of GREP General Partners, LLC," and no records of any filings on behalf of the LLC were located.  Based on this information, appellee asserts appellant has violated section 9.001(a) because "A limited partnership can legally act only through its General Partner," citing Texas Business Organizations Code Annotated section 153.152.

Section 153.152 states the following:

> (a)    Except as provided by this chapter, the other limited partnership provisions, or a partnership agreement, a general partner of a limited partnership:
>
> > (1)    has the rights and powers and is subject to the restrictions of a partner in a partnership without limited partners; and
> >
> > (2)    has the liabilities of a partner in a partnership without limited partners to the partnership and to the other partners.
>
> (b)    Except as provided by this chapter or the other limited partnership provisions, a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to a person other than the partnership and the other partners.

TEX. BUS. ORG. CODE ANN. § 153.152 (West 2012).  We agree with appellant that this provision has no bearing on whether or how a limited partnership conducts business in this State, particularly in regards to whether appellant can maintain this appeal.

Because appellant is organized under the laws of Delaware, it is considered a "foreign entity."  *Id*. § 1.002(28).  Section 9.051(a) prevents a foreign filing entity from maintaining "an action, suit, or proceeding in a court of this state . . . unless the foreign filing entity is registered in accordance with this chapter."  Documentation attached to appellee's motion to dismiss

confirms appellant is registered to conduct business in this State; therefore, appellant is not in violation of sections 9.001 and 9.051. As such, contrary to appellee's assertion, appellant is not prohibited by section 9.051(a) from maintaining this appeal. Moreover, even if we were to conclude that GREP General Partners, LLC's failure to register impacted appellant's ability to maintain a suit, section 9.051(c) specifically states that "the failure of a foreign filing entity to register does not: . . . (2) prevent the entity from defending an action, suit, or proceeding in a court in this state." *Id*. § 9.051(c)(2). As such, appellant would not have been prevented from defending the underlying lawsuit, and therefore, we will not prevent it from bringing this appeal.

Appellee's motion to dismiss is denied.

### Standard of Review for a Restricted Appeal and Default Judgment

To prevail on its restricted appeal, appellant must establish: (1) it filed its notice of restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying suit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or request findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander*, 134 S.W.3d at 848; *Lytle v. Cunningham*, 261 S.W.3d 837, 839 (Tex. App.—Dallas 2008, no pet.) (citing TEX. R. APP. P. 26.1(c)). For purposes of a restricted appeal, the record consists of all papers filed in the appeal, including the reporter's record. *Gonzalez v. Gonzalez*, 331 S.W.3d 864, 866 (Tex. App.—Dallas 2011, no pet.).[2]

There is no presumption in favor of proper issuance, service, and return of citation. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *Lytle*, 261 S.W.3d at 841. If the record fails to affirmatively show strict compliance with the rules of civil procedure governing issuance, service, and return of citation, there is error apparent on the face of the

---

[2] There is no reporter's record in this case.

record and attempted service of process is invalid and of no effect. *Lytle*, 261 S.W.3d at 840. When the attempted service of process is invalid, the trial court acquires no personal jurisdiction over the defendant, and the default judgment is void. *Id*.

**Discussion**

We first acknowledge that the original petition and citation was addressed to "Greystar" and "Greystar, LLC," rather than Greystar Management Services, L.P. However, neither party has contested that Greystar Management, Services, L.P. is the appropriate entity involved in the underlying lawsuit. In fact, in its brief, appellant acknowledges "Greystar was misnamed in the Original Petition and Citation . . ., but not misidentified; Greystar does not contend that there is another entity named 'Greystar' or 'Greystar LLC' that was actually but unintentionally served with process in this matter." It further admits appellee attempted service on the correct entity, but did so improperly. Because appellant has not argued misnomer as error apparent on the face of the record, we need not address the discrepancy between the petition, citation, and party name on appeal.

To the extent appellee argues appellant participated in the underlying proceedings, we find her argument without merit. Appellee admits appellant did not answer or participate in the court hearing that resulted in the default judgment at issue, but contends appellant participated in the EEOC proceeding that resulted in the suit. Appellee seems to imply that because appellant allegedly participated in those proceedings and received notice of the State of Texas right to sue letter, that somehow equates to participation and notice of the underlying lawsuit. We cannot agree. The right to sue letter simply advised appellee of her right to bring a private civil action in state court within sixty days. By simply receiving this notice, appellant would not know if appellee did in fact file a lawsuit against it. Moreover, the law is well-settled that actual notice to a defendant, without proper service, is not sufficient to convey jurisdiction upon a court to render

–7–

default judgment. *See Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *MobileVision Imaging Servs., L.L.C. v. LifeCare Hosp. of N. Tex, L.P.*, 260 S.W.3d 561, 564 (Tex. App.—Dallas 2008, no pet.). As such, the only element of a restricted appeal at issue is whether appellant has shown error on the face of the record because of defective service and return of citation.

Appellant first argues error is apparent on the face of the record because the return of citation reflects delivery on an individual other than the registered agent identified in the citation. Appellee responds the citation reflects service on a manager qualified to accept service on behalf of appellant.

A mistake in stating the defendant's name in the citation has been consistently held to be fatally defective. *Pharmakinetics Lab., Inc. v. Katz*, 717 S.W.2d 704, 706 (Tex. App.—San Antonio 1986, no writ). The same rule likewise applies where the citation states one name, but then was served on a person with a different name. *Id*.; *Sw. Sec. Sevs., Inc. v. Gambo*a, 172 S.W.3d 90, 93 (Tex. App.—El Paso 2005, no pet.) (finding service defective when the return receipt was signed by Guillermo Montes but Jesus Morales was the individual designated to receive service); *Bank v. Miller*, No. 05-95-01477-CV, 1996 WL 730592, at *3 (Tex. App.—Dallas Dec. 16, 1996, writ denied) (not designated for publication) (finding service defective when return receipt was not signed by the person appointed or by the authorized agent).

Here, the citation was addressed to Greystar LLC "its registered agent CT Corporation System." Thus, CT Corporation System is the only agent whose authority is apparent from the face of the record to receive service. However, the affidavit of service provides service was obtained by delivering citation to Greystar LLC "by delivering to its' Office Manager, JAMIE DAITCH." Although appellee argues in its brief that the petition and citation were delivered to Jamie Daitch because "CT refused to accept service," appellee relies on a process server's

affidavit attached to her appendix that is not proper evidence before this court for consideration. *See Perry*, 741 S.W.2d at 534.

Because the record shows the person who accepted service was not the entity stated on the citation, the service of process is fatally defective. *Pharmakinetics Labs*, 717 S.W.2d at 706. Without affirmatively showing on the face of the record that appellant was properly served, the trial court had no personal jurisdiction to enter a default judgment. Having found error on the face of the record, we need not address appellant's second argument regarding whether Jamie Daitch had authority to accept service. We sustain appellant's sole issue.

## Conclusion

The judgment of the trial court is reversed and the cause is remanded for further proceedings.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

130162F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GREYSTAR, LLC, Appellant

No. 05-13-00162-CV        V.

MELISSA ADAMS, Appellee

On Appeal from the 68th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-06022.
Opinion delivered by Justice O'Neill.
Justices Myers and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant GREYSTAR, LLC recover its costs of this appeal from appellee MELISSA ADAMS.

Judgment entered this 18th day of March, 2014.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE