**Opinion filed January 31, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00199-CV
_____

## GREEHEYCO, INC., Appellant

## V.

## R.A. BROWN, JR., AND WIFE, PEGGY DONNELL BROWN, AS CO-TRUSTEES FOR THE R.A. BROWN, JR., TRUST; MERRICK, INC.; DAN C. MORRIS, INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF THE ESTATE OF ROBERT BROWN MORRIS, DECEASED; SHIRLEY G. CARNEY; BELLE SCOTT MORRIS; CHARLTON MORRIS TRAYNOR; ANN CLOWE JOBE; CHARLES M. CLOWE; BRAD E. CLOWE; AND AMY C. TRAUGHBER, Appellees

**On Appeal from the 39th District Court**
**Throckmorton County, Texas**
**Trial Court Cause No. 3420**

## O P I N I O N   O N   M O T I O N   F O R   R E H E A R I N G

Appellees filed "Appellees' Motion to Dismiss and Motion for Rehearing" after the issuance of this court's original opinion. Appellees assert in the motion to dismiss that Appellant lacks title to the subject property and therefore has no standing to assert a claim against Appellees. Appellees support this contention by

referring to a document that was not a part of the appellate record in this case, as well as to events that were not considered previously either by this court or the trial court. It is well established that an appellate court may not consider matters outside the appellate record, which includes documents attached to briefs or that were not before the trial court. *See Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533, 534 (Tex. App.—Dallas 1987, no writ). However, "we may consider submitted documents that are outside the record for the limited purpose of determining our own jurisdiction." *See Greystar, LLC v. Adams*, 426 S.W.3d 861, 865 (Tex. App.—Dallas 2014, no pet.) (citing TEX. GOV'T CODE ANN. § 22.220(c) (West Supp. 2013); *Harlow Land Co. v. City of Melissa*, 314 S.W.3d 713, 717 n.4 (Tex. App.—Dallas 2010, no pet.)).

The allegations raised by Appellees in their motion to dismiss would appear to concern matters other than just the document they have submitted in support of the motion. Accordingly, we deny the motion to dismiss. In doing so, we express no opinion on the merits of the substantive issues raised in the motion to dismiss because we have not reached the merits. In light of our previous disposition remanding this case to the trial court for future proceedings, we note that the matters alleged in the motion to dismiss can be more fully litigated by the parties in the trial court upon remand.

We deny Appellees' motion to dismiss and motion for rehearing.

January 31, 2019                           JOHN M. BAILEY

Panel consists of: Bailey, C.J.,           CHIEF JUSTICE
Willson, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.