**DISMISS and Opinion Filed May 3, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00556-CV

**SKEET PHILLIPS, Appellant**
**V.**
**RAY CLARK, Appellee**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 90510-422**

## OPINION

Before Justices Whitehill, Molberg, and Reichek
Opinion by Justice Reichek

In this suit for libel and defamation, Skeet Phillips appeals the trial court's denial of his motion for traditional and no-evidence partial summary judgment. Because we conclude Phillips has failed to demonstrate his entitlement to bring an interlocutory appeal under section 51.014(a)(6) of the Texas Civil Practice and Remedies Code, we dismiss this appeal for lack of jurisdiction.

### Procedural Background

Ray Clark brought this suit against Phillips and others asserting claims for defamation/libel per se, defamation/libel per quod, and conspiracy. According to Clark's live pleading, in March 2014, he was the incumbent candidate for the office of County Commissioner of Precinct 2 in Kaufman County, Texas. Phillips was one of Clark's challengers in the Republican primary

election.  Clark asserted that Phillips hired his co-defendants Michael Hendrix, Ben Campbell, and John Knox, along with their organizations, The Precise Agency, The Precise Agency Group, My Right to Know, and Your Right to Know, to advertise for his campaign.

On March 1, 2014, three days before the election, many residents of Precinct 2 received a mailer purportedly sent by My Right to Know.  Clark asserted the mailer contained numerous false statements of fact that unambiguously associated him with corruption in connection with the prosecution of an alleged child molester, Stoney Adams.  The next day, an article appeared on myrighttoknow.org containing substantially similar statements about Clark's association with Stoney.  Clark alleged that "My Right to Know" was an assumed name of Hendrix, Campbell, and Your Right to Know, and that Phillips provided them with all or part of the information contained in the article.

Phillips filed a motion for partial summary judgment on Clark's claims for defamation/libel per quod and conspiracy asserting both traditional and no-evidence grounds.  In the motion, Phillips argued Clark could not establish damages caused by the allegedly false statements in the mailer and on the website or a meeting of the minds to defame him.  The trial court denied the motion, and Phillips filed this interlocutory appeal.

In his notice of appeal, Phillips relies on section 51.014(a)(6) of the Texas Civil Practice and Remedies Code as the basis for this Court's jurisdiction.  Section 51.014(a)(6) permits an interlocutory appeal from an order that

> denies a motion for summary judgment that is based in whole or in part upon a claim against or a defense by a member of the electronic or print media, acting in such capacity, or a person whose communication appears in or is published by the electronic or print media, arising under the free speech or free press clause of the First Amendment to the United States Constitution, or Article I, Section 8, of the Texas Constitution, or Chapter 73.

TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(6).  Phillips further states in the notice, "For purposes of appellate jurisdiction, Defendant attaches and incorporates by reference the Affidavit

–2–

of Ben Campbell dated May 27, 2014 (Exhibit A), and two inForney.com news articles dated March 3, 2014 and March 25, 2014 (Exhibit B)."[1]

In Campbell's affidavit he states that Your Right to Know is a Texas nonprofit corporation of which he is one of three directors. The corporation's statement of purpose is "for charitable, religious, education, and scientific purposes under 501(c)(3) of the Internal Revenue Code." Campbell also states Your Right to Know created the website myrighttoknow.org and, prior to March 2014, the website addressed "the need for transparency in healthcare matters."

According to Campbell, Lacie Adams, Stoney's ex-wife, wanted to have her "strong opinion" on the matter of Stoney's prosecution posted in an article on the myrighttoknow.org website. Your Right to Know "hired an individual who had investigative reporting experience" to write the article, but the content of the article "did not contain anything that was a substantive change from what Lacie had provided to be posted on the website." The mailer sent out to some of the residents of Precinct 2 prior to the election referenced the myrighttoknow.org website.

Exhibit B to Phillips's notice of appeal is two articles printed from inForney.com. The first is entitled "Will Precinct 2 voters reject negative political mailers?" The second is entitled "Commissioner Clark files defamation suit against Skeet Phillips, wife, and others." On May 16, 2018, Phillips filed in this Court an affidavit by Mathew Richards, a journalist working with inForney.com. Richards states "inForney is an online news publication that publishes stories/news on a variety of topics which include, but are not limited to, Local News, Business, Crime, Education, Sports, Politics, and Entertainment." Richards further states that the articles published

---

[1] TEX. GOV'T CODE ANN. § 22.220(c) (court of appeals may, on affidavit or otherwise, ascertain matters of fact necessary to proper exercise of jurisdiction); *Greystar, LLC v. Adams*, 426 S.W.3d 861, 865 (Tex. App.—Dallas 2014, no pet.) (we may consider submitted documents outside the record for limited purpose of determining our own jurisdiction).

on the inForney website contained quotes from the mailer and/or the article published on myrighttoknow.org.

In his brief on appeal, Phillips does not address this Court's jurisdiction over his appeal other than to cite section 51.014 of the Texas Civil Practice and Remedies Code and refer to Richards's affidavit. Clark asserts in his responsive brief that we have no jurisdiction because Phillips is not a media defendant and has not asserted any defenses based on free speech, freedom of the press, or Chapter 73. Although Phillips filed a reply brief, he did not address Clark's jurisdictional arguments.

### Jurisdiction Under Section 51.014(a)(6)

Appellate courts have jurisdiction to consider immediate appeals from interlocutory orders only if a statute explicitly provides such jurisdiction. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). In this case, Phillips relies solely on section 51.014(a)(6) of the civil practice and remedies code. For an interlocutory appeal under section 51.014(a)(6), there must be: (1) an order (2) that denies a motion for summary judgment (3) that is based in whole or in part upon a claim against or defense by (4) a member of the media or a person quoted in the media (5) arising under constitutional free speech guarantees or Texas libel statutes. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(6); *see also Dallas Symphony Ass'n, Inc. v. Reyes*, No. 17-0835, 2019 WL 1090771, at *4 (Tex. Mar. 8, 2019). The order from which Phillips appeals denies his motion for summary judgment challenging Clark's claims against him arising under the Texas libel statutes.[2] However, unless the record affirmatively shows Phillips was either a member of the media, or his statements appeared in the media, we must dismiss the appeal. *See Brashear v. Victoria Gardens of McKinney, L.L.C.,* 302 S.W.3d 542, 546 (Tex. App.—Dallas 2009, no pet.).

---

[2] We disagree with the concurrence's conclusion that a motion challenging a claim under the Texas libel statutes is not a motion "based upon" the challenged claim.

Assuming the communications at issue are attributable to Phillips, which he denies, not everyone who comments on the news or political or social issues is a "member of the media." *Serv. Emps. Int'l Union Local 5 v. Prof'l Janitorial Serv. of Houston, Inc.*, 415 S.W.3d 387, 395 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). The distinction between media defendants and those who merely opine on the issues of the day is particularly important today when every person with an internet connection has the ability to publish his or her comments to a broad audience. If the entirety of the internet and those who communicate on it were considered the "media," the limiting language of section 51.014(a)(6) would be rendered meaningless. *Id*.

Several courts have addressed the application of section 51.014(a)(6)'s media defendant requirement in this age of easy mass communication. Each of these cases has recognized that the term "media" must be interpreted in such a way as to limit the applicability of the section to the class of persons it was intended to benefit. In *Service Employees International Union Local 5 v. Professional Service of Houston, Inc.*, the Houston First Court of Appeals held that a person is a "member of the media" when "the person's primary business is reporting the news and they are . . . acting in such capacity." *Id*. at 398. In *Kaufman v. Islamic Society of Arlington*, the Fort Worth Court of Appeals set out a number of factors to be considered, including the "circumstances relating to the character and text of the communication itself, its editorial process, its volume of dissemination, the communicator's extrinsic notoriety unconnected to the communication, [and] the communicator's compensation for or professional relationship to making the communication." 291 S.W.3d 130, 142 (Tex. App.—Fort Worth 2009, pet. denied). Finally, in *Hotze v. Miller*, the Tyler Court of Appeals concluded the appellant was a "media defendant" based, in part, on the record showing he had been a political writer and journalist for thirty years, his editorials were published in a weekly newspaper, and he hosted a radio broadcast and website that published his articles. 361 S.W.3d 707, 711–12 (Tex. App.—Tyler 2012, pet. denied). A common thread

through all of these holdings is that the appellant's communications must be made in the context of professional news reporting or professional investigation and commentary on matters of public concern. *See also Main v. Royall*, 348 S.W.3d 381, 387 (Tex. App.—Dallas 2011, no pet.) (writer and publisher of traditional book criticizing government's use of eminent domain power were "members of the electronic or print media" for purposes of section 51.014(a)(6)).

The record before us shows that Phillips was a candidate for public office who allegedly provided information that was published in mailers and on a website. Nothing in the record shows Phillips has ever engaged in professional news reporting or any other form of journalism or professional investigation and commentary about matters of public concern. Accordingly, Phillips does not qualify as a "member of the media."

We recognize that section 51.014(a)(6) contains a second, independent basis to bring an interlocutory appeal if the appellant's communications appeared in the media. *Hotze.* at 712. There is no suggestion in the statute, however, that the "media" in which the appellant's communications must appear is any different than the "media" of which the appellant must be a member. Accordingly, not every publication falls within the scope of section 51.014(a)(6). For example, although the internet has been recognized as a type of "nontraditional electronic media," not every website will qualify as "media" for purposes of section 51.014(a)(6). *See Serv. Emps.*, 415 S.W.3d at 402. To conclude otherwise would lead to the absurd result that a person who was not a member of the media could become a "media defendant" simply by having his statements appear somewhere on the internet regardless of the context in which they appeared. The media in which the appellant's communications appear, therefore, must also be in the business of news reporting or professional investigation and commentary on matters of public concern.

In this case, Phillips's alleged communications appeared in mailers and a website article published by myrighttoknow.org. According to the affidavit testimony submitted by Phillips,

myrighttoknow.org was a website created by Your Right to Know, a Texas nonprofit corporation established "for charitable, religious, education, and scientific purposes." Although Phillips's co-defendant Campbell testified that Your Right to Know hired an individual with "investigative reporting experience" to write the article about which Clark complains, Campbell also stated the content of the article came entirely from a non-media source provided to the writer. There is no indication that investigative reporting played any role in the creation of the article.

Clark has alleged that Hendrix, another co-defendant, is the registered owner of myrighttoknow.org and that Hendrix "does business as My Right to Know, Your Right to Know, The Precise Agency, LLC, and The Precise Agency Group LLC." Hendrix testified by affidavit that Phillips retained the Precise Agency as a consultant for his campaign and to provide campaign advertising and maintenance and monitoring of social media. On this record, there is nothing to suggest that myrighttoknow.org, or any of the persons associated with it, is in the business of news reporting or professional investigation and commentary. Because of this, we conclude their publications do not qualify as "media" for the purposes of section 51.014(a)(6).

Finally, Phillips appears to rely on the news articles appearing on inForney.com to bring him within the scope of section 51.014(a)(6). The articles on inForney.com were written by a professional journalist and discuss the mailers sent prior to the election and the subsequent lawsuit brought by Clark. But Clark has not pleaded any claims based on the publication of those articles, nor does he allege that they are defamatory. Phillips cannot, therefore, rely on those articles to establish his standing as a media defendant. *Id*. at 403.

Based on the foregoing, we conclude the record fails to affirmatively show that Phillips falls within the class of persons to which section 51.014(a)(6) applies. Accordingly, we dismiss this appeal for want of jurisdiction.

/Amanda L. Reichek/<br>
AMANDA L. REICHEK<br>
JUSTICE

Whitehill, J., concurring.

180556F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SKEET PHILLIPS, Appellant

No. 05-18-00556-CV     V.

RAY CLARK, Appellee

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 90510-422.
Opinion delivered by Justice Reichek.
Justices Whitehill and Molberg participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee RAY CLARK recover his costs of this appeal from appellant SKEET PHILLIPS.

Judgment entered May 3, 2019