**Affirm and Opinion Filed August 19, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01197-CV

### WINFRED OLIVER-BELL, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-19-04462**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Nowell

Winfred Oliver-Bell appeals the trial court's denial of his petition to change his name. On appeal, appellant argues the trial court acted arbitrarily by denying his petition, did not permit him to explain his reason for wanting to change his name, prevented him from presenting documentation in support of his petition, and denied his constitutional rights by not permitting him to change his name. Additionally, he argues the trial court was biased and prejudiced in its denial of his petition because of his criminal history. We affirm the trial court's judgment.

FACTUAL BACKGROUND

On March 5, 2019, appellant filed a verified petition to change his name to Winfred Drake Hood. Five weeks later, appellant filed an unverified amended petition to change his name to William Drake Hood. On June 26, 2019, an associate judge held a hearing at which appellant testified. Appellant stated he was 41 years old, and he sought to change his name because his name was "altered back in 2007 from my mother's maiden name to . . . her previous husband and my biological father's last name." He did not explain how his name was "altered" in 2007. At that hearing, the judge noted numerous deficiencies with appellant's petition and associated documents, including that appellant's petition failed to include an arrest for assault causing bodily injury in 2000.

The same day, appellant filed a verified amended petition to change his name to William Drake Hood. In that petition, he stated he requested the name change because in "2007 my name was altered by an amendment that had been overlooked for years combining my mothers [sic] previous husbands [sic] and my biological fathers [sic] last names." A hearing was held on July 31, 2019, and appellant testified again. Appellant explained he requested the name change "to make it more simple and direct as to who I am and who I already go by." Appellant testified he did not have an FBI number, state identification number, or any other reference number in a criminal history record system. At the conclusion of the hearing, the trial court announced it was not in the public interest for appellant to change his

name nor would it benefit appellant. The court further found appellant's criminal history is "extensive" and dated as recently as late 2015. Accordingly, the trial court denied the requested relief. This appeal followed.

LAW & ANALYSIS

We review the trial court's ruling on a petition for an adult name change for abuse of discretion. *See In re Jones*, 507 S.W.3d 405, 407 (Tex. App.—Houston [1st Dist.] 2016, no pet.). A trial court abuses its discretion if it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). A trial court does not abuse its discretion by denying a petition that fails to comply with the statutory requirements. *See Jones*, 507 S.W.3d at 407–08.

Chapter 45 of the Texas Family Code governs petitions for name changes by adults. *See* TEX. FAM. CODE §§ 45.101–.107. Section 45.102 sets forth the requirements of such a petition. *Id*. § 45.102. Subsection (a) requires the petition to be verified and to include: (1) the present name and place of residence of the petitioner; (2) the full name requested for the petitioner; (3) the reason the change in name is requested; (4) whether the petitioner has been the subject of a final felony conviction; (5) whether the petitioner is subject to the registration requirements of sex offenders; and (6) a legible and complete set of the petitioner's fingerprints on a fingerprint card format acceptable to the Department of Public Safety and the Federal Bureau of Investigation. *Id*. § 45.102(a). Subsection (b) lists additional

–3–

information that the petition must include or provide a reasonable explanation for not including. *Id.* § 45.102(b). Included among such information is the petitioner's assigned FBI number, state identification (SID) number, if known, or any other reference number in a criminal history record system that identifies the petitioner as well as a list of "any offense above the grade of Class C misdemeanor for which the petitioner has been charged[.]" *Id.* Section 45.103 sets forth the circumstances under which a trial court must order a change of name:

> The court shall order a change of name under this subchapter for a person other than a person with a final felony conviction or a person subject to the registration requirements of Chapter 62, Code of Criminal Procedure, if the change is in the interest or to the benefit of the petitioner and in the interest of the public.

*Id.* § 45.103(a).

Although appellant's petition filed on June 29, 2019, stated he had been charged with a Class A or B misdemeanor or felony, appellant did not provide an FBI or SID number. Appellant maintained in his testimony that he did not have a FBI or SID number, but the appellate record reflects that he does. Additionally, appellant failed to attach a legible and complete set of fingerprints to his petition. Because appellant failed to meet the mandatory statutory requirements to change his name, we cannot conclude the trial court abused its discretion by denying the requested change. *See In re Williams*, No. 14-18-00245-CV, 2019 WL 1030394, at *1 (Tex. App.—Houston [14th Dist.] Mar. 5, 2019, no pet.) (mem. op.) ("Because

–4–

Williams failed to comply with the statutory requirements for an adult name change, the trial court did not abuse its discretion in denying the requested change.").

The trial court concluded it was not in the public interest nor would a benefit inure to appellant to change his name. The court further found appellant's criminal history is "extensive" and dated as recently as late 2015. The criminal history provided by appellant lists eighteen arrests between 1999 and 2015. Based on this limited record, we cannot conclude the trial court abused its discretion when concluding that granting appellant's requested name change would not be in the public interest due to appellant's criminal history.

In so far as appellant argues the trial court violated his rights to free speech, due process, and equal protection; failed to allow him to explain his reasons for wanting his name change; denied an opportunity to present significant documentation; and arbitrarily chose not to review documents or other information crucial to his petition, appellant did not raise these arguments in the trial court and has not preserved these complaints for appeal. *See* TEX. R. APP. P. 33.1(a); *Interest of D.B.S.*, No. 05-20-00959-CV, 2021 WL 1608497, at *5 (Tex. App.—Dallas Apr. 26, 2021, pet. denied) (mem. op.) ("Constitutional claims must be raised below or they are not preserved for appellate review.") (citing *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003)).

Finally, appellant argues the trial court was biased and prejudiced in its denial of his petition because of his criminal history.[1] Appellant argues the trial court used his criminal history as the basis for its decision without exploring or investigating his request. All parties have a right to a fair and impartial trial before a neutral judge. *Ellason v. Ellason*, 162 S.W.3d 883, 887 (Tex. App.—Dallas 2005, no pet.); *see also Hous. Auth. of the City of Dallas, Tex.-Brackins Vill. v. Rudd*, No. 05-19-00058-CV, 2020 WL 3248482, at *2 (Tex. App.—Dallas June 16, 2020, no pet.) (mem. op.). A trial court has broad discretion to conduct a trial and may express itself while exercising that discretion. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001). To show bias or partiality implicating a party's ability to obtain a fair trial, the trial court must "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. Nothing in this case rises to that level.

Additionally, a party generally waives error based on a trial court's improper comment if it does not timely object. *Rudd*, No. 05-19-00058-CV, 2020 WL 3248482, at *2. Appellant did not object to the trial court's questions about his criminal history nor to its alleged failure to explore or investigate his request. A narrowly drawn line of cases allows judicial conduct complaints to be raised for the first time on appeal "if a judge's bias and prejudice as shown on the face of the

---

[1] In his argument, appellant presents many facts that are not in the record. However, we are constrained to the record before us and are not permitted to consider facts outside the record. *Greystar, LLC v. Adams*, 426 S.W.3d 861, 865 (Tex. App.—Dallas 2014, no pet.) ("It is well-established an appellate court may not consider matters outside the record.").

record were harmful, thereby depriving a litigant of his important constitutional right to a fair trial with an impartial fact-finder and resulting in an improper judgment." See *id.* (quoting *In re L.S.*, No. 02-17-00132-CV, 2017 WL 4172584, at *16 (Tex. App.—Fort Worth, Sept. 21, 2017, no pet.) (mem. op.) (bench trial where judge committed fundamental error by abdicating the "responsibility to be neutral and unbiased and to decide this case only on this case's merits")). Nothing in this record qualifies. *See id.* We conclude appellant failed to preserve any complaint for appeal and, even if he had, the record does not show bias or partiality by the trial court judge.

CONCLUSION

Having considered each of appellant's arguments to the extent our rules permit, we conclude his arguments lack merit. We affirm the trial court's judgment.

191197f.p05

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WINFRED OLIVER-BELL,
Appellant

No. 05-19-01197-CV     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 330th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-19-04462.
Opinion delivered by Justice Nowell.
Justices Osborne and Pedersen, III
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee THE STATE OF TEXAS recover its costs of this appeal from appellant WINFRED OLIVER-BELL.

Judgment entered this 19th day of August, 2021.