**VACATE and REMAND and Opinion Filed May 13, 2024**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00449-CV

**LAWTON CANDLE, LLC, Appellant**
**V.**
**BG PERSONNEL, LP, Appellee**

**On Appeal from the County Court at Law No. 4**
**Collin County, Texas**
**Trial Court Cause No. 004-02893-2022**

## OPINION

Before Justices Garcia, Breedlove, and Kennedy
Opinion by Justice Breedlove

This is a restricted appeal of a default judgment. Appellant Lawton Candle, LLC, argues that the trial court erred in granting default judgment because appellee BG Personnel, LP, failed to properly effect service of process. We agree. BG Personnel's service on Lawton Candle's Oklahoma registered agent was improper because no authority under Texas law expressly allows process to be validly served on a foreign limited liability company's registered agent who is not located in the State of Texas, and Texas law requires strict compliance with the rules governing service of citation. Accordingly, we vacate the trial court's judgment and remand to

the trial court. *See, e.g., Wachovia Bank of Delaware, N.A. v. Gilliam*, 215 S.W.3d 848, 851 (Tex. 2007) (vacating default judgment & remanding after concluding there was error on the face of the record related to service of process); *Lytle v. Cunningham*, 261 S.W.3d 837, 841–42 (Tex. App.—Dallas 2008, no pet.) (concluding attempted service of process on a particular party was invalid and of no effect and the default judgment as to that party was void; court vacated final judgment by default and remanded cause for further proceedings).

## BACKGROUND

The facts underlying this case are well known to the parties—therefore, we recite only those facts that are relevant to the resolution of the issue of service of process. *See* TEX. R. APP. P. 47.1. BG Personnel filed suit against Lawton Candle in November 2022 and filed an amended petition in January 2023. BG Personnel requested issuance of a citation to serve Lawton Candle "by serving its Registered Agent, United State [sic] Corporation Agents, Inc., at 624 Denver Avenue, Tulsa, Oklahoma 74119." An affidavit was filed stating the petition was served on the Oklahoma registered agent.

Lawton Candle is an Oklahoma limited liability company; it is not registered to do business in Texas, nor does it maintain a registered agent in Texas. Its operations are based entirely in Oklahoma.

BG Personnel moved for default judgment when Lawton Candle failed to answer after its Oklahoma registered agent was served. The County Court at Law

No. 4 for Collin County, Texas, granted BG Personnel's motion and entered default judgment on February 6, 2023, based on Lawton Candle's failure to answer or appear. Three months later, Lawton Candle noticed the present restricted appeal.

## STANDARD OF REVIEW

To prevail on its restricted appeal, Lawton Candle must establish: (1) it filed its notice of restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying suit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or request findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Greystar, LLC v. Adams*, 426 S.W.3d 861, 866 (Tex. App.—Dallas 2014, no pet.) (internal citations omitted). For purposes of a restricted appeal, the record consists of all papers filed in the appeal, including the reporter's record. *Id.*

"In a restricted appeal, defective service of process constitutes error apparent on the face of the record." *Dolly v. Aethos Commc'ns Sys., Inc.*, 10 S.W.3d 384, 388 (Tex. App.—Dallas 2000, no pet.). Whether service strictly complied with the rules is a question of law we review de novo. *U.S. Bank Tr., N.A. v. AJ & SAL Enters., LLC*, No. 05-20-00346-CV, 2021 WL 1712213, at *2 (Tex. App.—Dallas Apr. 30, 2021, no pet.) (mem. op.); *Daigrepont v. Preuss*, No. 05-18-01271-CV, 2019 WL 2150916, at *3 (Tex. App.—Dallas May 17, 2019, no pet.) (mem. op.).

There is no presumption in favor of proper issuance, service, and return of citation. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per

curiam); *Greystar*, 426 S.W.3d at 866. As the Texas Supreme Court has observed, "we rigidly enforce rules governing service when a default judgment is entered because the only ground supporting the judgment is that the defendant has failed to respond to the action in conformity with the applicable procedure for doing so." *Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007) (per curiam). If the record fails to affirmatively show strict compliance with the rules of civil procedure governing issuance, service, and return of citation, there is error apparent on the face of the record, and the attempted service of process is invalid and of no effect. *Greystar*, 426 S.W.3d at 866. When the attempted service of process is invalid, the trial court acquires no personal jurisdiction over the defendant, and the default judgment is void. *Id.*

## DISCUSSION

The only element of a restricted appeal that is in question is whether Lawton Candle has shown error on the face of the record because of defective service and return of citation. Lawton Candle argues that error is present on the face of the record because BG Personnel failed to serve either (1) one of Lawton Candle's managers or members or (2) the Texas Secretary of State in strict compliance with the Texas Rules of Civil Procedure and Texas Business Organizations Code. BG Personnel argues that, although Texas Business Organizations Code § 5.251 provides that service on the Texas Secretary of State is permissible for nonresident entities who do not maintain a registered agent in Texas, service is not mandated upon the

–4–

Secretary of State. BG Personnel further argues that Texas Business Organizations Code § 5.256 does not preclude any other means of service upon a foreign entity, nor does the Texas Long Arm Statute, Texas Civil Practice and Remedies Code § 17.044(a).

We begin with the well-settled rule that for a trial court to obtain jurisdiction over a defendant foreign entity, the record must establish strict compliance with the proper method of service. *Greystar*, 426 S.W.3d at 866. A business entity is not a person capable of accepting process on its own behalf and therefore must be served through an agent. *Prado v. Nichols*, No. 05-20-01092-CV, 2022 WL 574845, at *2 (Tex. App.—Dallas Feb. 25, 2022, no pet.) (mem. op.) (citing *Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex. App.—Houston [1st Dist.] 2013, no pet.)). Service may be made on the entity's registered agent, president, or any vice president. TEX. BUS. ORGS. CODE ANN. §§ 5.201(b), 5.255(1); *see also id.* § 5.201(b)(1) (providing that a registered agent is an agent who is authorized to receive service for the entity). For the purpose of service of process, each manager of a manager-managed domestic limited liability company and each member of a member-managed domestic limited liability company is an agent of that limited liability company. *Id.* § 5.255(3).

Section 2.256 expands proper service on a foreign limited liability company to include (in addition to those individuals discussed above) "other means of service of process, notice or demand . . . as provided by law." *Id.* § 2.256. Section 5.201

provides that each foreign filing entity shall "designate and continuously maintain in this state" a registered agent, which is "an agent of the entity on whom may be served any process, notice or demand required or permitted by law to be served on the entity." *Id.* § 5.201. The registered agent, however, cannot be a resident of a different state because the statute expressly states that, for the agent to be a proper individual for service, it must be an individual who (i) is a resident of this state; and (ii) has consented in a written or electronic form developed by the Texas Secretary of State to serve as the registered agent of the entity. *Id.*

When a foreign entity fails to maintain a registered agent in the state (as required by § 5.201), the only other means for service on that entity expressly stated in the Business Organizations Code is through the Texas Secretary of State. *See id.* § 5.251. "The secretary of state is an agent of an entity for purposes of service of process, notice, or demand on the entity if: (1) the entity is a foreign entity or a foreign filing entity: and (A) the entity fails to appoint or does not maintain a registered agent in this state . . . ." *Id.*

BG Personnel's argument is fatally flawed because it is based on the premise that all methods of service of process are allowable if not otherwise prohibited, but the reverse is true under Texas law. *Greystar*, 426 S.W.3d at 866. It is not sufficient that a method of service not be expressly *excluded* by statute for a method of service to be valid—instead, our laws require that a method of service of process be expressly *permitted* to be valid. *Id.* BG Personnel has not identified any provision in

–6–

the Business Organizations Code or other authority, and we are aware of none, that expressly permits a foreign entity to designate a registered agent who is not located in the State of Texas as its agent for purposes of service of process. As our Court has observed:

> Although the strict compliance requirements sometimes lead the courts to rather weird conclusions, preventing us from making even the most obvious and rational inferences, we believe good public policy favors the standard. The end effect of our application of the strict compliance standard is an increased opportunity for trial on the merits. This policy justifies what may at first blush seem a hyper-technical rule.

*Pro-Fire & Sprinkler, L.L.C. v. The L. Co.*, 661 S.W.3d 156, 164 (Tex. App.—Dallas 2021, no pet.).

Because the record does not reflect service on Lawton Candle via one of the statutorily permissible agents for service of process, service was defective. Proper service not being shown, there is error on the face of the record. *See Primate Constr.*, 884 S.W.2d at 153. Therefore, the trial court erred in granting BG Personnel's motion for default judgment.

## CONCLUSION

We vacate the trial court's judgment and remand the case to the trial court for further proceedings consistent with this opinion.

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE

230449F.P05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LAWTON CANDLE, LLC,
Appellant

No. 05-23-00449-CV     V.

BG PERSONNEL, LP, Appellee

On Appeal from the County Court at
Law No. 4, Collin County, Texas
Trial Court Cause No. 004-02893-
2022.
Opinion delivered by Justice
Breedlove. Justices Garcia and
Kennedy participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **VACATED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant LAWTON CANDLE, LLC recover its costs of this appeal from appellee BG PERSONNEL, LP.

Judgment entered May 13, 2024