

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00201-CV

———————————————————

BROOKFIELD FUNDING, LLC AND VISTA POINTE FUNDING, LLC,
Appellants

V.

RAMEY & KING INSURANCE ASSOCIATES, INC., Appellee

---

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2024-03979

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

Appellants Brookfield Funding, LLC and Vista Pointe Funding, LLC bring this restricted appeal from a no-answer default judgment entered in favor of Appellee Ramey & King Insurance Associates, Inc. Appellants assert that the trial court erred by granting Ramey King's motion for default judgment because they were not properly served with process. Because we agree that service was defective, we reverse the trial court's default judgment.

## I. BACKGROUND

On November 15, 2024, Ramey King filed suit against Appellants, alleging claims for breach of contract and suit on sworn account. Specifically, the petition alleged that Ramey King had provided insurance-related services to Appellants and had invoiced them for these services but that Appellants had failed to pay the amounts due.

On November 15, 2024, citations were issued for both Appellants. The returns of service were filed on November 25, 2024. The service returns' descriptions of what was served are limited to a single section labeled "Documents," and both returns list only the "[c]itation" in this section. Neither return references the petition, much less states that it was served with the citation.

Appellants did not answer or otherwise appear. On December 10, 2024, the trial court signed a default judgment awarding Ramey King $47,062 in damages plus attorney's fees and court costs. This restricted appeal followed.

## II. SCOPE AND STANDARD OF REVIEW

To prevail in a restricted appeal, an appellant must establish that (1) it filed notice of the restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see also Ex parte E.H.*, 602 S.W.3d 486, 497 (Tex. 2020) (confirming that, unlike the first three restricted-appeal requirements, the error-on-the-face-of-the-record requirement is not jurisdictional). For purposes of a restricted appeal, the face of the record consists of all the papers on file in the appeal, including the clerk's record and the reporter's record. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997).

## III. DISCUSSION

Here, it is undisputed that the first three restricted-appeal elements are satisfied; the only question is whether there is error on the face of the record.[1] *See Alexander*,

---

[1]Although Ramey King concedes that Appellants have satisfied the first three restricted-appeal elements, it argues that we should nevertheless refuse to consider the merits of their restricted appeal because they failed to "address the[] default judgment at the trial[-]court level" even though they "were aware of the judgment against them well within the timeline" that would have allowed them to do so by, for example, filing a motion for new trial. Ramey King attached to its brief an email from Appellants' former counsel purportedly showing that Appellants were aware of the default judgment as early as December 31, 2024—just three weeks after it was signed.

3

134 S.W.3d at 848.  In their sole issue, Appellants contend that the record contains facial error because the returns of service are defective.  We agree.

"For well over a century the rule has been firmly established in this state that a default judgment cannot withstand direct attack by a defendant who complains that he was not served in strict compliance with applicable requirements."  *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).  The strict-compliance doctrine considers whether the record shows that the exact procedural requirements are met, not whether the intended party received notice of the lawsuit.  *Union Pac. Corp. v. Legg*, 49 S.W.3d 72, 78 (Tex. App.—Austin 2001, no pet.).  The return of service is not a trivial, formulaic document; rather, it is prima facie evidence of proper service.  *See Primate Constr. Inc. v. Silver*, 884 S.W.2d 151, 152–53 (Tex. 1994).  The party seeking service is responsible for ensuring that proof of proper service is completed and reflected in the record.  *See id.* at 153.  In a restricted appeal, "[t]here are no presumptions in favor of [the] valid issuance, service, and return of citation."  *Id.* at 152.

But because this email is not part of the record and was not before the trial court when it rendered the default judgment, we cannot consider it.  *See In re D.D.J.*, 136 S.W.3d 305, 309 n.3 (Tex. App.—Fort Worth 2004, no pet.); *see also Greystar, LLC v. Adams*, 426 S.W.3d 861, 865 (Tex. App.—Dallas 2014, no pet.) ("It is well-established an appellate court may not consider matters outside the record, which includes documents attached to a brief as an exhibit or an appendix that were not before the trial court.").  In any event, a restricted appeal is not an equitable proceeding.  *Tex. Dep't of Pub. Safety v. J.W.M.*, No. 03-17-00792-CV, 2018 WL 6519696, at *2 (Tex. App.—Austin Dec. 12, 2018, no pet.) (mem. op.) (citing *Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 590 (Tex. 1996)).  Thus, Appellants are not required to show diligence in order to have their complaints heard by this court. *See id.*

Texas Rule of Civil Procedure 106(a)(1) requires that a defendant be served with a copy of both the citation and the petition. Tex. R. Civ. P. 106(a)(1). Rule 107 reinforces this requirement by dictating that the return of service must include "a description of what was served." Tex. R. Civ. P. 107(b)(3).

Appellants complain that the returns of service filed in the trial court reflect that the "[c]itation" was the only "[d]ocument" that was served; the returns do not state that the petition was served with the citation. This is a valid complaint. Because the returns of service do not state that the petition was served with the citation, they are defective.[2] *See Avew Holding, Inc. v. Cnty. of Williamson*, No. 01-18-00069-CV, 2019 WL 1119395, at *2 (Tex. App.—Houston [1st Dist.] Mar. 12, 2019, no pet.) (mem. op.); *Furst v. Smith*, 176 S.W.3d 864, 871–72 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *cf. Primate Constr., Inc.*, 884 S.W.2d at 152–53 (holding that service was defective because citation recited that copy of second amended petition had been

---

[2]Ramey King, citing to an email attached to its brief, claims that "[e]ven if [Appellants] were not served with the petition along with the citation, they already had the petition in their possession." But as discussed above, we cannot consider documents that are not part of the record and that were not before the trial court when it rendered the default judgment. *See Greystar, LLC*, 426 S.W.3d at 865; *D.D.J.*, 136 S.W.3d at 309 n.3. Thus, we cannot consider the email upon which Ramey King relies to show that Appellants received a copy of the petition. Further, the strict-compliance doctrine considers whether the record shows that the exact procedural requirements have been satisfied—not whether the intended party received notice of the lawsuit. *Union Pac. Corp.*, 49 S.W.3d at 78. Thus, whether Ramey King previously transmitted the petition to Appellants' counsel has no bearing on Appellants' sole issue.

served but sworn return of service recited that original petition—which had not yet named defendant—had actually been served).

Because this defect alone is sufficient to reverse the default judgment, we need not—and therefore do not—address any other complaints that Appellants raise about the returns of service. *See* Tex. R. App. P. 47.1; *Avew Holding, Inc.*, 2019 WL 1119395, at *2. We sustain Appellants' sole issue.

## IV. CONCLUSION

Having sustained Appellants' sole issue and having determined that there is error on the face of the record, we reverse the trial court's default judgment and remand this case to the trial court for further proceedings consistent with this opinion.

/s/ Brian Walker

Brian Walker
Justice

Delivered:  December 11, 2025

6