**Jashim Uddin AHMED, Appellant**

v.

**Mark SOSA, Appellee**

**NO. 02–15–00368–CV**

Court of Appeals of Texas,
Fort Worth.

DELIVERED: February 16, 2017

John Howell House, Burt Barr & Associates, L.L.P., Dallas, Texas, for Appellant.

Scott G. Robelen, Bailey & Galyen, Dallas, Texas, for Appellee.

PANEL: WALKER, MEIER, and SUDDERTH, JJ.

## OPINION

BILL MEIER, JUSTICE

We consider whether the portion of a judgment rendered on a jury verdict for past medical expenses must be reduced in light of a health care provider's post-verdict, prejudgment agreement to reduce its lien against the plaintiff's recovery of the same. It does not. We will affirm.

Appellee Mark Sosa was hospitalized at John Peter Smith Hospital (JPS) for approximately six days in late 2011 after being struck by a taxicab that Appellant Jashim Uddin Ahmed was driving. Sosa later sued Ahmed for negligence, seeking to recover damages for the personal injuries that he had allegedly sustained. During the jury trial that eventually ensued, the trial court admitted a billing records affidavit in which JPS's custodian of records affirmed that Sosa had incurred necessary medical expenses in the reasonable amount of $61,169.01. Consistent with the "Patient Account Summary" attached to the affidavit, there was no evidence adduced during trial that JPS had discounted, adjusted, written off, or otherwise reduced the amount of medical expenses that it had a legal right to recover from Sosa. The jury ultimately found that both Ahmed and Sosa were negligent, apportioned 55% of the negligence to Ahmed and 45% to Sosa, and awarded Sosa damages in the total amount of $93,169.01, which included $61,169.01 for past medical expenses. The trial court signed a final judgment that awarded Sosa actual damages in the amount of $51,242.96 ($93,169.01 less 45%), plus pre- and post-judgment interest and costs.

Ahmed subsequently filed a motion to modify the judgment and a motion for new trial seeking a remittitur, arguing that civil practice and remedies code section 41.0105 obligated the trial court to reduce the jury's award for past medical expenses from $61,169.01 to $16,909 because after trial, but before the trial court had signed the final judgment, JPS's "Medical Lien was significantly reduced to $16,909." The trial court denied Ahmed's requested relief.

■■■ In his only issue, Ahmed argues that in light of JPS's agreement to reduce its medical lien, the portion of the final judgment that awards Sosa past medical expenses should reflect the amount that he will actually pay—$16,909.00—and not the amount that JPS originally billed—$61,169.01. He relies on civil practice and remedies code section 41.0105, which provides in relevant part that "recovery of medical or health care expenses incurred is limited to the amount *actually paid or incurred* by or on behalf of the claimant."

Tex. Civ. Prac. & Rem. Code Ann. § 41.0105 (West 2015) (emphasis added). "'[A]ctually paid and incurred' means expenses that have been or will be paid, and excludes the difference between such amount and charges the service provider bills but has no right to be paid," e.g., amounts that have been written off. *Haygood v. De Escabedo*, 356 S.W.3d 390, 396–97 (Tex. 2011). Ahmed's argument is unpersuasive for at least three reasons.

The May 19, 2015 letter that apparently evidences JPS's agreement to reduce its lien is not part of the record. Although Ahmed purported to attach the letter to both his motion to modify and his motion for new trial, neither filing includes a copy of the letter. Realizing this, Ahmed requested that the clerk's record be supplemented with the letter, but no supplemental clerk's record has been filed with this court. Ahmed included the letter in the appendix to his brief, but it is axiomatic that we may not consider a document cited in a brief and attached as an appendix if it is not formally included in the record on appeal. *See Greystar, LLC v. Adams*, 426 S.W.3d 861, 864–65 (Tex. App.–Dallas 2014, no pet.); *see also* Tex. R. App. P. 34.1 (providing that the appellate record consists of the clerk's record and, when necessary, the reporter's record). As the letter is not part of the record on appeal, we cannot consider it.

Ahmed's argument is also flawed because he improperly conflates a reduction in JPS's lien with a reduction in the underlying debt owed JPS. A debt is "a specific sum of money due by agreement or otherwise." *Debt*, Black's Law Dictionary (10th ed. 2014). A lien, by contrast, represents a "legal right or interest that a creditor has in another's property, lasting usu[ally] until a debt or duty that it secures is satisfied." *See id.* at *Lien*. By agreeing to reduce its lien, JPS did not simultaneously write off the difference between the portion of the debt that was originally secured by the lien and the portion that remained secured after the reduction; the $61,169.01 debt is simply undersecured.

Finally, even if we indulged Ahmed's argument and treated JPS's lien reduction as a debt reduction, section 41.0105 would not require a different outcome because unlike in *Haygood*, in which the health care provider agreed to reduce the plaintiff's medical expenses before trial, in this case, there was no evidence that JPS had agreed to write off any part of the $61,169.01 that Sosa owed for medical expenses and that JPS had a "[t]otal legal right to be paid." 356 S.W.3d at 392. Indeed, it was not until *after* trial that JPS agreed to reduce its lien. Lamenting a violation of the constitutional right to trial by jury, the *Haygood* majority expressly disapproved of a procedure whereby the trial court was tasked with the responsibility of reducing the plaintiff's recovery of past medical expenses based on the defendant's *post-trial* presentation of evidence that part of the plaintiff's medical expenses was not recoverable under section 41.0105. *Id.* at 399. Thus, sustaining Ahmed's requested relief would require us to engage in a procedure that the supreme court has already rejected as constitutionally unsound. We, of course, decline to do so. *Cf. Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) ("The Court of Civil Appeals should not have based its judgment upon evidence contained in affidavits not a part of the trial court record.").

The trial court did not err by denying Ahmed's requests to reduce Sosa's damages for past medical expenses. Accordingly, we overrule his only issue and affirm the trial court's judgment.