

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00005-CV

_____

STEPHAN D. HWANG, Appellant

V.

CAPITAL ONE NATIONAL ASSOCIATION, Appellee

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2018-00578

Before Sudderth, C.J.; Bassel and Womack, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

In February 2018, Appellee Capital One National Association sued pro se Appellant Stephan D. Hwang[1] for an "unpaid balance of $51,463.27" for a line of credit that he opened in 2007, and in April 2018, Hwang answered with a general denial, affirmative defenses, and a counterclaim, and included a request for disclosure in his answer.

On June 20, 2018, Hwang filed a motion to compel Capital One to respond to his request for disclosure. At the conclusion of the June 27, 2018 hearing, Capital One's attorney provided the trial court with a proposed order comporting with the trial court's ruling denying the motion to compel, which the trial court signed. However, the trial court struck through two paragraphs in the proposed order: "2. The Clerk of this Court will set this case for trial on the merits at a time convenient to the parties, and convenient to this Court," and "3. The Clerk of this Court will send Notice to the Parties informing them of said trial date." In so doing, the trial judge stated,

> I'm going to interlineate your 2 and 3 because I think that's exactly what we should do here in open court today is . . . we'll actually set this for trial as opposed to the Court setting it and then getting your input at a later time. So let's go off the record briefly and get [the court coordinator] in here to give us a trial date.
>
> . . . .

---

[1]Hwang is a licensed attorney representing himself.

Let's go back on the record. *This case is set for trial before the bench on October the 8th at 9:00 a.m.* If there's any need for continuances, obviously the Local Rules suggest that each of you get one. Beyond the one, if y'all need some -- need another continuance, I'm open to it, but it's not the freebie that the first one is. Okay? Thank y'all very much. Y'all have a good day. [Emphasis added.]

On October 8,[2] the trial court entered a judgment for Capital One for $51,463.27; the judgment states that Capital One appeared through counsel and offered proof of its claims and that Hwang did not appear.

On October 10, Hwang filed a first amended answer, and on November 30, Capital One filed a notice of delivery of business records affidavit in which it stated that on September 7, 2018, it had served the notice of business records affidavit on Hwang by certified mail.

On December 19, 2018, Hwang filed a motion for new trial in which he stated that he had not obtained actual knowledge of the final judgment until December 4, 2018. In the motion, Hwang complained that he had received no notice of the trial setting, and he raised the *Craddock*[3] elements of mistake, meritorious defense, and no harm to Capital One. In the affidavit attached to his motion, Hwang stated that he had received no notice of the October 8, 2018 trial setting and that he became aware

---

[2]The trial court's judgment shows a signing date of October 9, 2018, but a filing date of October 8, 2018 is stamped at the top of the order. Capital One states in its appellate brief that the trial judge mistakenly wrote October 9 instead of October 8. *See* Tex. R. App. P. 38.1(g).

[3]*Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939).

of the judgment on December 4, 2018,[4] only after he received opposing counsel's November 2018 notice of business records affidavit, after which time he examined the case's register of actions and realized that a judgment had been entered. *See* Tex. R. Civ. P. 306a. He pointed out that Capital One would not be harmed by the delay in granting a new trial because the case would otherwise still be in the discovery period. Attached in support of Hwang's limitations defense was a December 7, 2009 "adverse action notice" from Capital One about his delinquent account.

In its Response and Brief in Opposition to Defendant's Motion for New Trial, Capital One opposed Hwang's motion, arguing that Hwang had been notified of the trial date in open court and that his motion was untimely:

> 3. On June 27, 2018 at 3:00P.M. . . . the Court . . . notified the parties, on the court record, that the case would be set for trial upon the merits on October 8, 2018 at 9:00A.M.
>
> . . . .
>
> 7. Contrary to this assertion, Defendant was notified of the trial date in open court on June 27, 2018 after his Motion to Compel was denied. Defendant, in response to Judge Ramirez's declaration of the October 8, 2018, trial date, verified that the case was to be set for trial on Columbus Day, to which the Judge replied in the affirmative, stating that the Denton County Courts would be open for regular business hours on Columbus Day.

---

[4]After Hwang filed his notice of appeal, we abated the appeal for the trial court to make a finding of when Hwang received notice or acquired actual knowledge of the judgment. The trial court entered a finding that Hwang had received actual notice of the judgment on December 4, 2018. *See* Tex. R. Civ. P. 306a(4)–(5).

8. The above facts are also reflected on the Court's online docket, available for public viewing, which states under the date of 6/27/18: "order entered Set for trial – oct 8 at 9am on the record."

*See* Tex. R. Civ. P. 329b. Capital One neither addressed Hwang's meritorious defense and no-harm arguments nor filed any counter affidavit to Hwang's motion for new trial.

Hwang then filed an amended motion for new trial to address the timeliness argument. In his amended motion, Hwang also incorporated by reference his earlier motion, affidavit, and exhibits; stated that he did not recall the oral trial setting; and denied that he had participated in the conversation setting the trial date. Hwang verified the facts recited in the amended motion and attached a new affidavit in which he reiterated his lack of memory with regard to the June 27 oral announcement of trial setting:

8. I have no remembrance of any conversations from that day. And except for the fact that I lost the motion to compel, I don't remember much of anything else, including the setting being set . . . .

9. I was relying on written notices for trial setting, which I never received, in order to put forth my defense to plaintiff's claims . . . .

. . . .

11. Nothing about missing the trial setting was intentional or a conscience [sic] indifference.

The trial court held a hearing on Hwang's motion on January 4, 2019. At that hearing, Capital One's counsel argued that "this [was]n't, you know, an accidental disregard of the Court's order of trial date" because "we were all in the same room

5

when we were notified of the trial date." After asking the court reporter to pull the record, the trial judge then read aloud the conversation that the parties and trial judge held on the record at the June 27 hearing.

When the trial court asked if anyone thought the court reporter's record was inaccurate, Hwang replied, "No reason to believe so, Your Honor." Hwang agreed with the trial court that he had received notice of the trial setting in court but stated that he "just ha[d] no recollection." The trial court admitted the reporter's record into evidence as an exhibit and denied Hwang's motion.

In two issues, Hwang appeals the trial court's judgment for Capital One. The parties agree that at the June 27, 2018 hearing, the trial court announced that the case was set for trial on October 8, 2018. Hwang argues, however, that because the trial court failed to reduce the oral pronouncement to writing, he was deprived of notice of the final trial, that his failure to answer was not intentional or the result of conscious indifference but rather accident or mistake, and that the trial court abused its discretion by denying his motion for new trial when it failed to consider all of the *Craddock* factors at the new trial hearing. Capital One responds that the trial court's online docket reflected the trial court's oral pronouncement, that the trial court properly denied Hwang's motion because he could not satisfy the first *Craddock* factor, i.e., that his failure to appear at trial was due to mistake or accident, and that "it was clear that the failure of [Hwang] to appear at the trial setting was due to intentional disregard or conscious indifference."

6

We review a trial court's denial of a motion for new trial for an abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam). A post-answer default judgment, among others, should be set aside and a new trial granted when the defaulting party establishes that (1) the failure to appear was not intentional or the result of conscious indifference but was instead the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no delay or otherwise injure the plaintiff. *Id.* at 925–26 (citing *Craddock*, 133 S.W.2d at 126, and *Ivy v. Carrell,* 407 S.W.2d 212, 213 (Tex. 1966)). When a defaulting party moving for new trial meets all three elements of the *Craddock* test, then a trial court abuses its discretion if it fails to grant a new trial. *Id.* at 926.

The *Craddock* standard is one of intentional or conscious indifference—that the defendant knew it was sued but did not care—and an excuse need not be a good one to suffice. *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 576 (Tex. 2006). When applying the *Craddock* test, the trial court looks to the knowledge and acts of the defendant as contained in the record before the court. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 82 (Tex. 1992). Proof of accident or mistake negates intent or conscious indifference. *Sellers v. Foster*, 199 S.W.3d 385, 399 (Tex. App.—Fort Worth 2006, no pet.).

The record here reflects that while Hwang was affirmatively given notice of the trial setting at the June 27 hearing, he later had no recollection of receiving that notice,

having apparently failed to calendar it, and relied upon receiving written notice, which he argued the local rules provided for. His claim that his failure to appear was not intentional or due to conscious indifference finds further support in the record with the first amended answer that Hwang filed two days after the trial took place in his absence.[5] *See id.* at 399–400 (noting that courts have found calendaring errors sufficient to establish "mistake or accident" under *Craddock* and that conscious indifference requires more than negligence); *see also Jackson v. Thurahan, Inc.*, No. 14-02-00308-CV, 2003 WL 1566386, at *3 (Tex. App.—Houston [14th Dist.] Mar. 27, 2003, no pet.) (mem. op.) ("This matter was not docketed on my trial schedule . . . ."). Because the record reflects that Hwang did not intentionally or with conscious indifference fail to appear for trial, we conclude—without reaching the trial-notice standards that Hwang suggests—that the trial court abused its discretion by impliedly finding otherwise.

Further, Capital One did not dispute that Hwang had set up a meritorious defense to Capital One's breach-of-contract and suit-on-debt claims[6] or that granting

---

[5]The record also shows that Hwang was representing himself and had actively worked on the case, filing a general denial, affirmative defenses, a counterclaim, and discovery, as well as a motion to compel.

[6]The limitations period for a breach-of-contract or debt cause of action is "not later than four years after the day the cause of action accrues," *see* Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(3), and a cause of action for breach of contract accrues upon breach. *See Barker v. Eckman*, 213 S.W.3d 306, 311 (Tex. 2006). In support of his *Craddock* meritorious defense argument, Hwang attached to his motion for new

the motion would not harm Capital One, the two remaining elements of the *Craddock* test.[7] *Craddock*, 133 S.W.2d at 126.

Accordingly, we conclude that the trial court abused its discretion by denying Hwang's motion for new trial, sustain the applicable portions of Hwang's two issues, reverse the trial court's judgment, and remand the case for further proceedings.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered:  April 2, 2020

---

trial a December 7, 2009 delinquent-account letter from Capital One and referenced Capital One's original petition filed February 23, 2018, over 8 years later.

[7]And the record before us does not contain any of the evidence presented by Capital One to obtain its post-answer default judgment despite the judgment's statement that Capital One "offered proof of its claims." *Cf. Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979) (stating that a post-answer default "constitutes neither an abandonment of defendant's answer nor an implied confession of any issues thus joined by the defendant's answer.  Judgment cannot be entered on the pleadings, but the plaintiff in such a case must offer evidence and prove his case as in a judgment upon a trial").  Although Capital One attached the transcript of the October 8, 2018 trial as an appendix to its brief, we cannot consider a document attached as an appendix if it is not formally included in the record on appeal. *Ahmed v. Sosa*, 514 S.W.3d 894, 896 (Tex. App.—Fort Worth 2017, no pet.).