

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00260-CV

_____

IN THE INTEREST OF R.C., A CHILD

---

On Appeal from the 467th District Court
Denton County, Texas
Trial Court No. 21-2973-462

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

Appellant Father,[1] pro se, brings this restricted appeal from a post-answer default judgment terminating his parental rights in a suit brought by Mother. As we construe Father's four issues, they all pertain to his notice of the final hearing in the suit, his right to be heard, or both. Because Father has not shown that error is apparent from the face of the record, we affirm the trial court's judgment.

## I.    Background

Father does not challenge the sufficiency of the evidence supporting the trial court's findings that his parental rights should be terminated. We will therefore set out a detailed timeline of only the case's procedural history.

- In 2019, Father confessed to and was convicted of aggravated sexual assault of a child.

- On April 12, 2021, Mother filed a petition to terminate Father's parental rights to R.C. alleging that Father had (1) knowingly placed or knowingly allowed the child to remain in conditions or surroundings that would endanger the physical or emotional well-being of the child; (2) engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the physical or emotional well-being of the child; and (3) knowingly engaged in criminal conduct that had resulted in his conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date Mother filed the petition. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (Q). The petition also alleged that termination of the parent−child relationship between Father and R.C. was in the best interest of the child. *See id.* § 161.001(b)(2). Mother sought to be named R.C.'s sole managing conservator.

---

[1]We refer to the parties as "Father" and "Mother" to protect the identity of their minor child, R.C. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

- On April 29, 2021, the trial court set a final hearing for September 28, 2021.

- At 8:42 a.m. on June 2, 2021, a Fort Bend County Constable served Father at the prison unit where Father was incarcerated with Mother's petition, the citation, and the Notice of Final Hearing.[2]

- Father filed a "response,"[3] dated June 21, 2021, and file-marked June 25, 2021, to Mother's petition.

- The trial court proceeded with the final hearing via Zoom on the morning of September 28, 2021, the date specified in the notice of hearing with which Father was served. The trial court found that Father, "although duly and properly notified, did not appear and wholly made default." Mother testified, and the trial court found by clear and convincing evidence that Father had (1) engaged in conduct that endangered the emotional well-being of R.C. and (2) knowingly engaged in criminal conduct that resulted in his conviction for an offense and confinement or imprisonment and inability to care for R.C. for not less than two years from the filing of Mother's petition.[4] The trial court also found that it was in R.C.'s best interest for Father's parental rights to be terminated and appointed Mother as sole managing conservator. The trial court signed an Order of Termination terminating the parent–child relationship between Father and R.C. that same day.[5]

---

[2]Two of the documents with which Father was served are attached as an appendix to this opinion.

[3]By filing a signed letter that identified the parties, the case, and his current address, Father "sufficiently appeared by answer" in this case. *See Smith v. Lippmann*, 826 S.W.2d 137, 138 (Tex. 1992). We will refer to this filing as Father's answer.

[4]The trial court did not find that Father had knowingly placed or knowingly allowed R.C. to remain in conditions or surroundings that endangered her physical or emotional well-being.

[5]The clerk's record contains a copy of a letter—dated September 29, 2021, and addressed to Father at the prison unit where he was incarcerated—notifying him that the Order of Termination, "an appealable order," was signed by the trial court on September 28, 2021. *See* Tex. R. Civ. P. 306a(3). Although this letter was made a part

- Father mailed a letter to the trial court dated March 23, 2022, that concluded with the prayer, "The respondent enters and files this appeal before the court and grants all relief requested within and be granted [sic] a new hearing for termination order."[6]

- Father subsequently wrote the trial court another letter, which was filed by the trial court clerk on April 5, 2022, referencing his "appeal."

- Father's first letter was file-stamped by the trial court clerk on April 18, 2022.

- On July 10, 2023, Father filed a new notice of a restricted appeal and his "Request to Clerk and Designation of Material to be Included in Clerk's Record on Appeal." The trial court clerk filed these documents on July 24, 2023.

- Also on July 24, 2023, the trial court clerk forwarded Father's posttrial filings, including his notice of a restricted appeal, to this court.

- On August 1, 2023, we issued a letter to Father expressing our concern that we may not have jurisdiction over this appeal and requesting that Father advise whether he properly addressed, stamped, and delivered the notice of appeal to the prison mailbox for mailing to the proper trial court clerk on or before the due date, which was March 28, 2022.

- On August 14, 2023, we received a letter (dated August 7, 2023) from Father stating that he had "properly addressed, stamped, and delivered the notice of appeal to the prison mailbox for mailing to the proper trial court on or before the due date." We have since received the clerk's and reporter's records, and both parties have filed their briefs.[7]

---

of the appellate record, it is not file-marked, and there is no evidence of when Father received it.

[6]As far as the record reveals, this was Father's first communication or attempt to communicate with the trial court after he filed his answer the previous June.

[7]After Mother filed her brief, Father filed a reply brief and a motion to strike Mother's brief. *See* Tex. R. App. P. 9.4(k), 38.3. He points out that Mother's brief contains the wrong trial and appellate court cause numbers. He also complains that

4

## II. Elements of Restricted Appeal

To prevail in this restricted appeal, Father must show that (1) he timely filed his notice of restricted appeal; (2) he was a party to the underlying suit; (3) he did not participate in the hearing that resulted in the complained-of judgment and did not timely file a postjudgment motion, request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a); and (4) error is apparent from the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *In re S.W.*, 614 S.W.3d 311, 313 (Tex. App.—Fort Worth 2020, no pet.). The first three elements are necessary to invoke our restricted-appeal jurisdiction, but the fourth is not. *Ex parte E.H.*, 602 S.W.3d 486, 496 (Tex. 2020).[8]

## III. Jurisdiction Over Father's Appeal

Mother concedes that the second and third jurisdictional elements "are not at issue" here. But Mother contends that Father's "formal Notice of Restricted Appeal"

---

her brief's front cover does not contain her lead counsel's State Bar of Texas identification number, as required by Texas Rule of Appellate Procedure 9.4(g). *See* Tex. R. App. P. 9.4(g). "Because briefs are meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case, substantial compliance" with the briefing rules "is sufficient." Tex. R. App. P. 38.9. We deny Father's motion to strike.

[8]In *Ex parte E.H.*, the Texas Supreme Court clarified that although language in *Brown v. McLennan County Children's Protective Services* "suggested" that the fourth element of a restricted appeal is jurisdictional, it is not. 602 S.W.3d at 496 (citing *Brown*, 627 S.W.2d 390, 392 (Tex. 1982)).

was filed "well past the six-month deadline to file a notice of restricted appeal." Thus, Mother contends that we lack jurisdiction over this appeal. We disagree.

In a restricted appeal, the notice of appeal must be filed within six months after the order being appealed is signed. *See* Tex. R. App. P. 26.1(c). The trial court signed the Order of Termination on September 28, 2021, making any notice of restricted appeal due by March 28, 2022. *See id.*

A timely filed instrument will invoke the appellate court's jurisdiction if it demonstrates a bona fide attempt to do so. *State ex rel. Durden v. Shahan*, 658 S.W.3d 300, 304 (Tex. 2022). On its face, Father's letter of March 23, 2022, appears to demonstrate a bona fide attempt to appeal the Order of Termination, and Mother does not argue otherwise. Instead, she argues that the letter "was filed with the trial court clerk on April 18, 2022," the date of the file stamp on the document. However, because Father is a pro se inmate, his notice of appeal is deemed filed when he put it in the prison mail system. *$629.00 in U.S. Currency v. State*, No. 02-10-00253-CV, 2010 WL 5187679, at *1 (Tex. App.—Fort Worth Dec. 23, 2010, no pet.) (mem. op.). Based on Father's representation to this court that his letter of March 23, 2022, "was properly addressed, stamped, and delivered . . . to the prison mailbox for mailing to the proper trial court on or before the due date," we hold that Father timely filed his notice of appeal under Rule 26.1(c). *See* Tex. R. App. P. 26.1(c); *Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004) ("[W]e decline to penalize a pro se litigant for failing to obtain a postmark or file-stamp when the litigant has timely placed the document in

6

the prison mail system, the only delivery system to which he or she has access."). We therefore have jurisdiction over this restricted appeal. *See* Tex. R. App. P. 25.1(b); *Durden*, 658 S.W.3d at 304–05.

### IV.     Father's First Issue: Bench Warrant

Father states his first issue as follows:

> In the respondent's original answer, he states he will challenge this suit vigorously conveying any proceedings he wants to be a part of and included even though he never submitted a request to have a bench warrant issued. With the respondent stating this, does this constitute and take place of a request for a bench warrant?

Father makes no further argument and does not cite the record or any authorities on this issue. If Father is intending to complain that the trial court erred by not issuing him a bench warrant—even though, as he concedes, he never requested one—then he has forfeited this complaint by not raising it in the trial court below. *See* Tex. R. App. P. 33.1(a)(1)(A). To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if not apparent from the request's, objection's, or motion's context. *Id.* If a party fails to do this, then error is not preserved. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g); *see also B.M. v. Marie M.*, No. 2-06-007-CV, 2006 WL 1920475, at *2 (Tex. App.—Fort Worth July 13, 2006, no pet.) (per curiam) (mem. op.) (holding that incarcerated appellant had waived his complaint on appeal that the trial court abused its discretion by failing to provide some means by which appellant could participate at trial, such as issuing a bench

7

warrant, where he had "never specifically requested some special provision to facilitate his participation at trial").

Father has also failed to preserve the remainder of this issue—whether the statement in his answer, "If dismissal is not valid for above cause number, 21-2973-462, we will contest termination of parental rights vigorously," constituted and took the place of a request for a bench warrant—for our review because he did not adequately brief it.[9] *See Citizens Nat'l Bank v. Allen Rae Invs., Inc.*, 142 S.W.3d 459, 489–

---

[9]Even if Father had unsuccessfully requested a bench warrant and adequately briefed this issue for our review, we would still overrule it. A prisoner requesting a bench warrant "must justify the need for his presence." *In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003). We review a trial court's ruling on a bench warrant request for an abuse of discretion. *In re D.D.J.*, 136 S.W.3d 305, 311 (Tex. App.—Fort Worth 2004, no pet.). Following *Z.L.T.*, we have repeatedly rejected appellate complaints by incarcerated parties who, like Father, were denied bench warrants but had failed to show that their presence was necessary. *See In re D.L.S.*, No. 02-10-00366-CV, 2011 WL 2989830, at *3 (Tex. App.—Fort Worth July 21, 2011, no pet.) (mem. op.); *In re J.R.O., Jr.*, No. 2-08-391-CV, 2009 WL 3078647, at *2 (Tex. App.—Fort Worth Sept. 24, 2009, no pet.) (per curiam) (mem. op.) (noting that, even if incarcerated father had filed motion for issuance of bench warrant with trial court, trial court would not have abused its discretion by denying it because father's motion "provide[d] no discussion or assertion of any of the factors set out in *Z.L.T.*"); *Ringer v. Kimball*, 274 S.W.3d 865, 868 (Tex. App.—Fort Worth 2008, no pet.) (holding that trial court did not abuse its discretion in implicitly denying prisoner's request for a bench warrant because prisoner's bench warrant motion contained no information by which trial court could assess the necessity of his appearance at pretrial hearing); *In re C.M.R.*, No. 02-07-394-CV, 2008 WL 4963510, at *3–4 (Tex. App.—Fort Worth Nov. 20, 2008, no pet.) (per curiam) (mem. op.) (holding that trial court did not abuse its discretion by denying pro se inmate's bench warrant requests because inmate "offered no facts showing that his interest in appearing outweighed the impact and burden on the correctional system" and did not "explain why his appearance by alternative measures, such as by telephone, deposition, or affidavit, would not be sufficient"); *see also D.D.J.*, 136 S.W.3d at 312 ("In accordance with the holding in *Z.L.T.*, because Appellant did not justify the need for his presence in his request for a bench warrant, we cannot say that

8

90 (Tex. App.—Fort Worth 2004, no pet.) (op. on reh'g); *Hall v. Stephenson*, 919 S.W.2d 454, 467 (Tex. App.—Fort Worth 1996, writ denied); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing the "long-standing rule" that point may not be preserved due to inadequate briefing). Though Father is appearing pro se, we must hold him to the same standards as a licensed attorney in our review of his appeal. *Ramos v. Veracruz Foods, LLC*, No. 02-22-00116-CV, 2022 WL 17986027, at *2 (Tex. App.—Fort Worth Dec. 29, 2022, no pet.) (mem. op.).

An appellate court is not required to search the appellate record, with no guidance from the briefing party, to determine if the record supports the party's argument. *Allen Rae Invs.*, 142 S.W.3d at 489; *Hall*, 919 S.W.2d at 466–67. Also, we are not obligated to "become advocates for a particular litigant" by performing research and developing argument for that litigant. *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (quoting *Jordan v. Jefferson County*, 153 S.W.3d 670, 676 (Tex. App.—Amarillo 2004, pet. denied)). Accordingly, we overrule Father's first issue. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Sanders v. Future Com, Ltd.*, No. 02-15-00077-CV, 2017 WL 2180706, at *6 (Tex. App.—Fort Worth May 18, 2017, no pet.)

the trial court abused its discretion in denying Appellant's motion for a bench warrant.").

9

(mem. op.) (holding that a party did not adequately brief an issue because he failed to cite any relevant authority in support of his argument); *Hornbuckle v. State Farm Ins.*, No. 02-15-00387-CV, 2016 WL 5957020, at *3 (Tex. App.—Fort Worth Oct. 13, 2016, no pet.) (per curiam) (mem. op.) ("In the absence of appropriate record citations or a substantive analysis, a brief does not present an adequate appellate issue."); *Kramer v. Hollmann*, No. 02-11-00136-CV, 2012 WL 5869423, at *9 (Tex. App.—Fort Worth Nov. 21, 2012, pet. denied) (mem. op.) (overruling issue for inadequate briefing when appellants set out issue in "Issues Presented" section of their brief but presented no argument, record citations, or authority to support it).

## V.     Father's Other Issues: Notice of Hearing

Father's other three issues all relate to the notice he received of the final hearing. The clerk's record includes copies of the notices that were served on Father, along with the return of service that was filled out and signed by the deputy constable who served him. *See* Tex. R. Civ. P. 107. The return of the officer showing service of a notice is "prima facie evidence of the fact of service." Tex. R. Civ. P. 21a(e). Notice properly sent pursuant to Rule 21a raises a presumption that notice was received. *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005). This presumption may be rebutted by an offer of proof that the notice was not received, but in the absence of evidence to the contrary, the presumption has the force of a rule of law. *Dowdy v. Hay*, No. 02-10-00230-CV, 2011 WL 1435200, at *1 (Tex. App.—Fort Worth Apr. 14, 2011, no pet.) (mem. op.); *see also Thomas v. Ray*, 889 S.W.2d 237, 238 (Tex. 1994)

(orig. proceeding).

In a series of arguments that we reject, Father argues that the notice we attach to this opinion as an appendix was inadequate. For example, in his second issue, Father complains that he "did not have time to make arrangements to attend the hearing." He quotes the following language from *Larson v. Giesenschlag*: "All litigants who are forced to settle disputes through the judicial process have a fundamental right under the federal constitution to be heard at a meaningful time in a meaningful manner." 368 S.W.3d 792, 796–97 (Tex. App.—Austin 2012, no pet.). Relying on this language, Father argues that he had "a right to appear at the hearing" and that "[t]he exercise of not letting [him] be part of the hearing violated his right to be heard at a meaningful time in a meaningful manner." But "a prisoner has no absolute right to be present in a civil action." *Z.L.T.*, 124 S.W.3d at 166. However, when "a pro se inmate is not allowed to participate in a proceeding in person, a trial court should nevertheless afford the inmate *an opportunity to proceed by affidavit, deposition, telephone, or other effective means.*" *Larson*, 368 S.W.3d at 797 (emphasis added); *see also In re R.C.R.*, 230 S.W.3d 423, 427 (Tex. App.—Fort Worth 2007, no pet.). Here, the trial court did exactly that; it notified Father that the final hearing would take place via Zoom and gave him detailed instructions on how to appear at the hearing via Zoom.[10] This

---

[10]Specifically, the Notice of Final Hearing included an e-mail address and phone number at which Father could contact the trial court and web addresses at which he could obtain a free Zoom account or download a free Zoom app. Additionally, we note that Father's numerous mailings to the trial court, which were

further distinguishes Father's case from *Larson*; in *Larson*, unlike here, the trial court did not allow the incarcerated father "to participate in any manner." *Larson*, 368 S.W.3d at 798.

Citing *In re E.R.*, Father contends that a "State law time limit is unenforceable when it violates due process," and that a strict time limit cannot be enforced "when the parent has no constitutionally adequate notice" of the proceeding. *See* 385 S.W.3d 552, 555, 561 (Tex. 2012). The "strict time limit" at issue in *E.R.* was the Family Code's six-month deadline to attack an order terminating the parental rights of a person who is served by citation by publication. *Id.* at 555; *see* Tex. Fam. Code Ann. § 161.211(b). Father was not served by citation by publication—he received personal service at the prison where he was incarcerated—and he does not explain how serving him with notice on June 2, 2021, of a hearing that was to be held on September 28, 2021, was not "constitutionally adequate notice."

Father also cites the three-day-minimum requirement for notice from Texas Rule of Civil Procedure 21(b), *see* Tex. R. Civ. P. 21(b), but Father received far more than three days' notice of the final hearing. His claim that he "did not have time to make arrangements to attend the hearing"—a dubious assertion undeveloped in his

---

received and filed by the trial court clerk, show that he was able to contact the trial court by mail and therefore could have requested to participate in the final hearing by some other effective means. The "sole burden" to request access to the court through such alternate means and to demonstrate why a trial court should authorize them rested on Father. *In re J. A. R.*, 658 S.W.3d 921, 928 (Tex. App.—El Paso 2023, pet. denied). He did not meet that burden.

argument and unsupported by the record—rings hollow when he never requested a continuance or made any attempt after filing his answer to participate in the termination proceeding via Zoom or in some alternative manner. *Cf. Larson*, 368 S.W.3d at 797–98 (concluding that the trial court abused its discretion by denying father's request to participate, "effectively barring him from presenting his case at trial," where father had "specifically asked the trial court to take actions which would potentially allow for the presentation of his case"). We hold that Father received constitutionally adequate notice of the final hearing and that the timeliness of the notice did not offend due process. We overrule his second issue.

In Father's third and fourth issues, he refers to a separate notice of the final hearing that he claims to have received on the afternoon of September 28, 2021, after the hearing had ended. He has included in the appendix to his brief, *see* Tex. R. App. P. 38.1(k), a letter dated September 21, 2021, notifying him a week before the September 28 Zoom hearing, as well as a copy of the envelope in which the letter was sent to him by certified mail. Father complains in his third issue that this notice of the final hearing was improperly addressed. In his fourth issue, Father claims that it displayed the wrong cause number.

Neither the letter nor the envelope is in the appellate record. *See* Tex. R. App. P. 34.1 (stating that appellate record consists of clerk's record and, when necessary, reporter's record). "[I]t is axiomatic that we may not consider a document cited in a brief and attached as an appendix if it is not formally included in the record on

appeal." *Ahmed v. Sosa*, 514 S.W.3d 894, 896 (Tex. App.—Fort Worth 2017, no pet.). As the envelope and letter are not part of the record on appeal, we cannot consider them. *Id.*; *see also Cummings v. Billman*, 634 S.W.3d 163, 166 n.1 (Tex. App.—Fort Worth 2021, no pet.) (mem. op.) ("[W]e cannot consider matters outside the appellate record in rendering our decision."). Further, "in determining whether error is apparent on the face of the record, we may not consider evidence that was not before the trial court when it rendered the final judgment." *S.W.*, 614 S.W.3d at 315.

Father also invokes Texas Rule of Civil Procedure 124, which provides that in "no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant." Tex. R. Civ. P. 124. But Father *was* served. He admits in both his notice of appeal and his brief that he was served on June 2, 2021.[11] Also, his answer constitutes an appearance

---

[11]In his reply brief, Father argues—for the first time—that he "never received" the Notice of Final Hearing and that the only documents he received on June 2, 2021, were the petition and citation. He continues to refer us to documents in the appendix to his original brief, which are not part of the record.

Father further argues that, "even if [Father] would have had notice of the final hearing and made arrangements to attend via Zoom, he could not because he did not possess the necessary information to login to Zoom and connect to the channel dedicated to this proceeding." The record does not support his argument but belies it. As the documents in our appendix show, Father received detailed instructions on how to appear at the hearing via Zoom, including an e-mail address and phone number at which he could contact the trial court. Father has not rebutted the presumption that he received these documents. *See Mathis*, 166 S.W.3d at 745; *Dowdy*, 2011 WL 1435200, at *1.

14

under Rule 121, so the issuance or service of citation upon him was unnecessary.[12] Tex. R. Civ. P. 121.

Father has not shown that error is apparent from the face of the record. To the contrary, the record shows that Father was served with Mother's petition, the citation, and the Notice of Final Hearing on June 2, 2021. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.029 (describing procedure for serving process on inmate). We thus overrule Father's third and fourth issues.

## VI.    Conclusion

Having overruled Father's four issues, we affirm the trial court's judgment terminating Father's parental rights.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered:  December 7, 2023

---

[12]Father was still entitled to "reasonable notice of not less than forty-five days" of the termination trial setting. Tex. R. Civ. P. 245. He received 118 days' notice.

15

# APPENDIX

FILED: 6/3/2021 10:10 AM
David Trantham
Denton County District Clerk E-Served via EFile.TXCourts.gov on
By: Shelbi Malatin, Deputy 6/3/2021 4:27 PM

**THE STATE OF TEXAS**                    RECEIVED
CONSTABLE PCT 4
FORT BEND COUNTY, TEXAS               **COUNTY OF DENTON**

21 MAY 27 AM 10: 45

**NOTICE OF HEARING**

**CAUSE NO. 21-2973-462**

To: E████████ ██, Joe F Gurney Unit TDCJ # █████████, 1385 FM 3328, Palestine, TX 75803, or wherever he/she may be found

Greetings:

You are hereby notified a hearing has been set, as per attached copy of **Notice of Final Hearing** in Cause No. 21-2973-462, styled In the Interest of R███ ██ ██, a Child, **on Tuesday September 28, 2021 at 9:00 AM** in the 467th Judicial District Court located at 1450 E. McKinney, 4th Floor, Denton, Denton County, Texas **via ZOOM VIDEO CONFERENCE CALL.**

Issued under my hand and seal of office in Denton, Denton County, Texas on this the 10th day of May, 2021.

David Trantham, District Clerk
1450 E. McKinney, Suite 1200
Denton, Denton County, Texas 76209

By: _____ *Shelbi Malatin* _____
Shelbi Malatin, Deputy Clerk

**ENTERED**
**MAY 27 2021**
**CONSTABLE, PCT. 4**
**FORT BEND COUNTY, TX**

**SERVICE RETURN**

Came to hand on the _27_ day of _MAY_ , 20_21_ , at _9:00_ m., and executed on the _2_ day of _JUNE_ , 20_21_ , at _8:42 A_ M by delivering to the within named _█████ ██_ in person a true copy of this notice with attached copy(ies) of the Notice of Final Hearing at

_3 JESTER UNIT RD. UNIT #3_

Nabil Shike
Ft. Bend Constable Pct. 4
12919 Dairy Ashford, Suite 300
Sugar Land, Texas 77478

Service fees: $_____

_____ Sheriff/Constable
_____ County, Texas
_____ , Deputy/Authorized Person

Service I.D. No. _____

VERIFICATION ABRAHAM GARCIA

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.

Subscribed and sworn to before me on this the _____ day of _____, 20____

_____ Notary Public

**18**

17

FILED: 4/28/2021 1:33 PM
David Trantham
Denton County District Clerk
By: Joan Vallee, Deputy

NO. 21-2973-462

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| R███ C███, | § | 467th JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | DENTON COUNTY, TEXAS |

## NOTICE OF FINAL HEARING

Notice is given to all parties that a Final Hearing is set in this case for **Tuesday, September 28, 2021 at 9:00 a.m.** before the 467th Judicial District Court located in the Denton County Courts Building, 1450 E. McKinney Street, Denton, Texas 76209, via Zoom.

To appear at the hearing via Zoom, contact the Court at Kendra.Kinworthy@dentoncounty.gov or 940-349-4390 at least 24 hours before your hearing to obtain instructions on how to appear. If you will participate in the Zoom session by computer, you may obtain a free Zoom account at https://zoom.us/download. If you intend to appear by phone, you may download a free Zoom app at https://apps.apple.com/us/app/id546505307 (Apple) or https://play.google.com/store/apps/details?id=us.zoom.videomeetings (Android).

SIGNED on ___4/29/2021_____ .

/s/ Kendra Kinworthy
_____
Court Administrator

**22**

18