

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00509-CV

_____

IN THE INTEREST OF T.A., A CHILD

---

On Appeal from the 322nd District Court
Tarrant County, Texas
Trial Court No. 322-481746-10

---

Before Birdwell, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

The district court signed an order that confirmed Appellant Robert Aguilar's[1] child support arrearage and modified his child support obligation. On appeal, Aguilar, pro se, does not challenge the sufficiency of the evidence to support the order. Instead, he argues in two issues that the district court did not have personal jurisdiction over him and that the court erred by acting outside of its plenary power. We will affirm.

## Background

In 2010, the Office of the Attorney General (OAG) filed a "Petition for Confirmation of a Non-Agreed Child Support Review Order." *See* Tex. Fam. Code Ann. § 233.015. Aguilar requested that the trial court "refigure[ ] and revise[ ]" the amount of retroactive child support and review the child-support amount. The associate judge amended the child support review order and, as modified, affirmed it as an order of the court. *Id.* § 233.027.

In 2021, the OAG filed a suit for modification of the 2011 order and a motion to confirm an arrearage. On July 16, 2021, the associate judge assigned to the case signed an agreed temporary order. *See id.* § 201.101 (providing that if an associate judge is appointed for a court under Family Code Chapter 201, Subchapter B, all Title IV-D cases shall be referred to the associate judge). Nearly six months later, on

---

[1]In this opinion, we use a fictitious name for the appellant. *See* Tex. Fam. Code Ann. § 109.002(d).

2

January 21, 2022, Aguilar filed a request for a de novo hearing.[2] The OAG objected that Aguilar's request for a de novo hearing had not been filed by the three-day deadline for such requests set out in Texas Family Code Section 201.1042. *See id.* § 201.1042. After a hearing, the district court denied Aguilar's request.

In July 2023, the Title IV-D judge transferred the case to the district judge. *See id.* § 201.104 (providing that an associate judge assigned to a Title IV-D case may refer a case back to the referring judge for final disposition). The child's mother then filed a motion to confirm arrearage and motion to modify child support. After a hearing, the district court sent the parties a letter memorializing its ruling. The OAG filed a motion for entry of final judgment, and in response Aguilar filed a "Written Objection," stating, among other things, that "a lawful freeman known to use the name [Robert]: [Aguilar], as homo ingenuus, is not subject to this court's jurisdiction,

---

[2]Aguilar's request stated that he had also filed a "Notice of Special Appearance," and the facts section of his brief states the same thing. Aguilar attached a copy of the Notice of Special Appearance to his brief, but it was not included in the clerk's record, and we will not consider documents that were not included in the record. *See Ahmed v. Sosa*, 514 S.W.3d 894, 896 (Tex. App.—Fort Worth 2017, no pet.). Aguilar's issues and arguments contain no complaint that his special appearance was denied. Further, he acknowledges that he filed his special appearance in January 2022, which was well after he had made a general appearance in the case. *See* Tex. Fam. Code Ann. §§ 155.001, 155.003, 157.269; *Wainwright v. Williams*, No. 04-13-00359-CV, 2014 WL 7340525, at *4 (Tex. App.—San Antonio Dec. 23, 2014, no pet.) (mem. op.). And in any case, as we hold below, his personal-jurisdiction arguments are without merit. Thus, to the extent that his first issue challenges the denial of a special appearance—and to the extent that he preserved his complaint—we will overrule that part of his first issue.

nor is he subject to perform in any manner and hereby challenges in personam jurisdiction over a freeman, on and for the record." The district court signed an order (the final order) confirming that Aguilar owed $37,201.03 in child support, $2,713.72 in medical support, and $847.80 in dental support. The final order additionally modified Aguilar's monthly support obligation. Aguilar appeals from the final order.

## Discussion

### I. Aguilar's jurisdictional argument lacks merit.

In Aguilar's first issue, he asks "[w]hether the trial court can establish in personam jurisdiction over a freeman as Homo liber." He argues that "as a freeman," he "is exempt from service and the jurisdiction of another"; that he "is not acting as or in the representative capacity of the legal entity and or persona known as [ROBERT AGUILAR]"; and that "for this reason, [he] accept[s] declaratory judgment against the Appellate."

Aguilar cites no authority supporting his argument. The only authority he includes in his brief on this issue is Black's Law Dictionary's definition of "liber" and "homo liber," neither of which explains his argument or supports his argument that he was exempt from the lower court's jurisdiction. *See* Tex. R. App. P. 38.1(i).

Further, to the extent that we can decipher Aguilar's argument, it appears to be one that is commonly raised by "sovereign citizen" litigants: that "the 'U.S. citizen[] is a legal fiction that has been created by the federal government . . . and is a corporate

4

employee of the United States by virtue of being a U.S. citizen'" and that "[t]his artificial person alone 'is subject to the jurisdiction of the federal government and of the state government.'" Caesar Kalinowski IV, *A Legal Response to the Sovereign Citizen Movement*, 80 Mont. L. Rev. 153, 158 (2019) (quoting *The TRUTH About the 14th Amendment or Who Are You, Really?*, U.S.A. The Republic (Mar. 4, 2012)). Under this theory, "if an individual 'renounces' his or her federal citizenship and divests the 'legally fictitious person' through a series of complex steps, then the government has no power over the 'Natural Person.'" *Id.*

If Aguilar's argument is that he is a distinct entity or person from the "legal entity or person" known by his name, the argument is utterly without merit. *See, e.g., Royal v. State*, 703 S.W.3d 895, 914 (Tex. App.—Eastland 2024, pet. ref'd); *Delgado v. Lopez*, No. 09-21-00019-CV, 2022 WL 5237397, at *2 (Tex. App.—Beaumont Oct. 6, 2022, pet. dism'd w.o.j.) (mem. op.); *Mitchell v. Tex. Dep't of Crim. Just.*, No. 09-21-00327-CV, 2022 WL 2719974, at *2 (Tex. App.—Beaumont July 14, 2022, no pet.) (mem. op.); *Lewis v. State*, 532 S.W.3d 423, 430 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd); *see also United States v. Masat*, 948 F.2d 923, 934 (5th Cir. 1991) (rejecting appellant's argument that court lacked jurisdiction over him because he was a "freeman"); *Bennett v. Perry*, No. 368185, 2024 WL 4972030, at *1–3 (Mich. Ct. App. Dec. 3, 2024) (unpublished) (rejecting a similar argument in child-support case). If his argument is something else, he has waived it by inadequate briefing. *See* Tex. R. App. P. 38.1; *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994)

(observing that error may be waived by inadequate briefing); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.) ("Failure to cite applicable authority or provide substantive analysis waives an issue on appeal."). We overrule Aguilar's first issue.

## II. The district court had plenary power.

In Aguilar's second issue, he argues that under Family Code Section 201.317(e), after he filed his request for a de novo hearing, the district court had thirty days to conduct the hearing. According to his reasoning, because the hearing leading to the final order did not occur until more than thirty days after his request for a de novo hearing, the district court had no jurisdiction to sign the final order because it was (1) outside the thirty-day statutory deadline for a referring court to hold a de novo hearing and (2) more than 105 days after the agreed temporary order, making it outside the plenary-power window that follows a judge's signing of a final order. We reject his arguments.

First, the thirty-day statutory deadline to which Aguilar refers did not deprive the district court of jurisdiction to sign the final order. After a hearing before an associate judge in a family-law case, the associate judge "shall provide the parties participating in the hearing notice of the substance of the associate judge's report." Tex. Fam. Code Ann. §§ 201.011(b), 201.102 (making Section 201.011 and other provisions of its subchapter generally applicable in Title IV-D cases before associate judges). The report "may contain the associate judge's findings, conclusions, or

recommendations and may be in the form of a proposed order." *Id.* § 201.011(a). If a party wants to request a de novo hearing before the referring court, the party must file a written request "not later than the third working day after the date the party receives notice of (1) the substance of the associate judge's report as provided by Section 201.011; or (2) the rendering of the temporary order, if the request concerns a temporary order rendered by an associate judge under Section 201.007(a)(14)(C).[3]" *Id.* § 201.015(a); *see also id.* § 201.1042 (making Section 201.015 applicable to Title IV-D associate judge's order). When a request is timely filed, the referring court "shall hold a de novo hearing not later than the 30th day after the date on which the initial request for a de novo hearing was filed with the clerk of the referring court." Tex. Fam. Code Ann. § 201.015(f).[4] However, that thirty-day deadline, while mandatory, is not jurisdictional. *See Fountain v. Knebel*, 45 S.W.3d 736, 739 (Tex. App.—Dallas 2001, no pet.); *see also Ex parte Brown*, 875 S.W.2d 756, 759–60 (Tex. App.—Fort Worth 1994, orig. proceeding). The district court did not lose jurisdiction by not acting on Aguilar's request within thirty days.

---

[3]Section 201.007(a)(14)(C) provides that an associate judge may, except as limited by a referring judge, render and sign a temporary order. Tex. Fam. Code Ann. § 201.007(a)(14)(C).

[4]Aguilar cites Texas Family Code Section 201.317, which applies to proceedings before an associate judge for juvenile matters. *See* Tex. Fam. Code Ann. § 201.317. That section does not apply to this case. *See id.* § 201.306.

Second, Aguilar cannot otherwise complain that the district court waited too long to hold a de novo hearing because his request for one came too late, and he was therefore not entitled to such a hearing. The associate judge signed the agreed temporary order on July 16, 2021. Aguilar had three working days after he received notice of the order to file a written request for a de novo hearing, but he waited six months. *See* Tex. Fam. Code Ann. § 201.1042.

Third, Aguilar appears to argue that the district court had no jurisdiction to sign the final order because the associate judge's order had already become final, and no postjudgment motions had been filed to extend the court's plenary power. We likewise reject that argument.

An associate judge assigned to a Title IV-D court may not render a final judgment, but the judge may "recommend to the referring court any order after a trial on the merits." Tex. Fam. Code Ann. § 201.104(b), (c). If the associate judge's recommended order "is not appealed to the referring court, it becomes final at that time." *In re A.A.R.*, No. 07-23-00394-CV, 2024 WL 1472799, at *2 (Tex. App.—Amarillo Apr. 4, 2024, no pet.) (mem. op.) (citing *In re L.D.C.*, No. 13-17-00053-CV, 2018 WL 6546378, at *4 (Tex. App.—Corpus Christi–Edinburg Dec. 13, 2018, no pet.) (mem. op.))). But the agreed temporary order could not have become a final order in this case because it was, on its face, not a recommended *final* order after a trial on the merits, and it did not dispose of all parties and claims. *See* Tex. Fam. Code

8

Ann. § 201.104(b); *see also id.* § 201.007(a)(14)(C) (noting that an associate judge may sign a temporary order).

The agreed temporary order recited that it was temporary and that the case was set for a subsequent hearing, and it specifically noted that certain findings were being reserved for final trial. *See In re R.R.K.*, 590 S.W.3d 535, 544 (Tex. 2019) (discussing judgment finality in the family-law context). It was, on its face, not a proposed final order. Then, after the associate judge referred the case back to the district judge, Mother filed her own motion to confirm arrearage and motion to modify the 2011 child-support order. *See id.* Thus, although the agreed temporary order became enforceable as a temporary order of the referring court when no party timely filed for a de novo hearing, *see* Tex. Fam. Code Ann. § 201.1041(c), the temporary order did not become a *final* judgment in the case. *See R.R.K.*, 590 S.W.3d at 539–44. Thus, the district court's plenary power had not expired when it signed the final order. We overrule Aguilar's second issue.

## Conclusion

Having overrule Aguilar's two issues, we affirm the district court's judgment.


/s/ Mike Wallach
Mike Wallach
Justice

Delivered: July 17, 2025

9