

# NUMBER 13-23-00328-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**KENDALL COUNTY, ET AL.,**                                            Appellants,

**v.**

**WARING LAND INVESTMENTS, LLC,**                              Appellee.

## ON APPEAL FROM THE 451ST DISTRICT COURT
## OF KENDALL COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca**
**Memorandum Opinion by Chief Justice Tijerina**

Appellants Kendall County, et al. appeal the trial court's denial of their plea to the jurisdiction. By eleven issues, appellants argue the trial court erred in denying their plea to the jurisdiction.[1] We affirm.

---

[1] Specifically, appellants argue: (1) there was no plat; (2) appellee's claims are not ripe; (3) Kendall County's 2006 on-site sewage facility order applies to appellee's permit applications; (4) appellee is not

# I.    BACKGROUND[2]

In 1887, R.P.M. Waring created a new town named Waringsford (Waring) near the Guadalupe River in Kendall County. R.P.M. filed documents similar to a plat[3] (the plat) in the official public records in Kendall County on October 5, 1887. The town was later renamed Waring. In July 2020, appellee Waring Land Investments, LLC acquired forty-nine undeveloped lots (the property) in Waring to develop homes. To start this project, appellee sought to build twelve houses within Block 19 of the property. Appellee planned for each house to have its own on-site sewage facility (OSSF), also known as a septic tank, and for every two lots to share a water well.

In November 2021, appellee applied for an OSSF permit application with Kendall County for Block 19. Kendall County denied the application, stating that the lots "do not meet basic health and safety standards for well spacing and septic placement." Appellee appealed Kendall County's decision to the Kendall County's Commissioners Court (the Commissioners Court). The Commissioners Court upheld Kendall County's decision due to "health and safety" reasons and, according to appellee, suggested disapproval of the entire Waring project—not just Block 19.

---

exempt from Kendall County's 2010 development rules; (5) Kendall County's restrictions do not violate § 231.101 of the Texas Government Code; (6) the requirement of a development permit does not conflict with § 233.153 of the Texas Government Code; (7) appellee was not entitled to permits due to the small size of its lots; (8) appellee is not entitled to declaratory or injunctive relief related to criminal statutes; (9) appellants properly denied the permits, and appellee did not demonstrate an abuse of discretion; (10) appellee's equal protection claim is not ripe; and (11) appellee should not be granted leave to amend.

[2] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[3] The parties dispute whether an official "plat" was recorded.

2

On February 10, 2023, appellee filed its original petition and application for permanent injunction in the trial court claiming appellants[4] acted *ultra vires*. Appellee claimed the trial court had jurisdiction over its claims pursuant to Article V, § 8 of the Texas Constitution. *See* TEX. CONST. art. V, § 8. Appellee further sought an injunction "compelling [appellants] to issue permits" for Block 19.

Appellants filed a general denial, motion to stay discovery, special exceptions, plea to the jurisdiction, and a Rule 91a motion to dismiss. Appellants generally asserted that appellee failed to plead facts establishing a waiver of appellants' governmental immunity to suit. More specifically, they claimed that appellee failed to assert a valid ultra vires claim because the 1887 property division of Waring was never included in an application for development to Kendall County and thus is not a recognized plat. They also argued that appellee cited no legal authority that it had a legally designated plat. Appellants requested that the trial court require that appellee plead sufficient facts and a legal basis for a waiver of immunity. Appellants further asserted that appellee failed to demonstrate that the Commissioners Court had any authority to approve or deny applications or that it improperly used whatever authority it did hold.

After a non-evidentiary hearing, the trial court denied appellants' plea to the jurisdiction on June 22, 2023. Appellants filed this accelerated interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).

---

[4] In addition to Kendall County, appellants include Christina Bergmann, Richard J. Tobolka, Chad Carpenter, Andra M. Wisian, Richard Chapman, Shane Stolarczyk, and Mary Ellen Schulle in their official capacities.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

"Whether governmental immunity has been waived in a given case implicates subject-matter jurisdiction." *San Jacinto River Auth. v. City of Conroe*, 688 S.W.3d 124, 130 (Tex. 2024). "[I]mmunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 639 (Tex. 1999). "A jurisdictional plea may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018).

When a plea to the jurisdiction challenges the plaintiff's pleadings, as is the case here, the trial court is required to review the pleadings, construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and determine whether the plaintiff "has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). If the plaintiff has pleaded facts that affirmatively negate jurisdiction, the trial court may grant the governmental unit's plea to the jurisdiction without allowing the plaintiff an opportunity to amend. *Id.* at 227. However, if the pleadings merely fail to allege facts sufficient to affirmatively demonstrate jurisdiction, "the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend." *Id.*; *see also Tex. Tech. Univ. Sys. v. Martinez*, 691 S.W.3d 415 (Tex. 2024).

In its original petition and in response to appellants' plea to the jurisdiction, appellee claimed the district court had jurisdiction under Article V, § 8 of the Texas Constitution, which provides: "[T]he District Court shall have appellate jurisdiction and general supervisory control over the County Commissioners court, with such exceptions

and under such regulations as may be prescribed by law." TEX. CONST. art. V, § 8. The enabling legislation repeats this language, *see* TEX. GOV'T CODE ANN. § 24.020 ("The district court has appellate jurisdiction and general supervisory control over the commissioners court, with the exceptions and regulations prescribed by law."), but with a few exceptions inapplicable here, the legislature has not specified how this jurisdiction may be exercised or even invoked. *Henry v. Sullivan*, 499 S.W.3d 545, 551 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). Consequently, "the scope of the district court's supervisory jurisdiction generally has been defined by case law." *Henry*, 499 S.W.3d at 551.

To determine whether the trial court erred in denying appellants' plea to the jurisdiction, we will begin by identifying appellee's allegations and then determine whether the allegations are sufficient to invoke the district court's jurisdiction over the suit as pleaded. *See Miranda*, 133 S.W.3d at 226; *Henry*, 499 S.W.3d at 551.

### III.    APPELLEE'S PLEADINGS

As context for its claims, appellee stated that Waring has been a recognized town since 1887 and had established public county roads, a volunteer fire department, a one-room schoolhouse, and a general store. Appellee represented that Kendall County recognized the plat because the tax assessor identifies properties in Waring pursuant to the plat and "even identifies [Waring] as a unique subdivision." Appellee claimed that the Commissioners Court adopted twenty amendments to the plat thereby recognizing, approving, and affirming its "continued existence."

According to appellee's petition, it submitted to Kendall County a development application to Kendall County and sought OSSF permits for Block 19 in 2021. Originally,

5

Kendall County issued permits for half of the lots in Block 19, but appellee claimed that Kendall County "reversed course" without citing any relevant rules, regulation, ordinances, or law. Specifically, Kendall County informed appellee that it "would not approve or issue any Development Permits or OSSF Permits" for Block 19 because the lots "do not meet basic health and safety standards for well spacing and septic placement." As a result, appellee claimed it is now precluded from building any structures on the property.

Appellee represented that it appealed this decision to the Commissioners Court, requesting that it issue the requested permits for Block 19. Appellee claims to have presented a plan showing the proposed development would meet all applicable health and safety requirements applicable to OSSFs under the Texas Administrative Code (TAC), which Kendall County adopted in an order in 2006 (2006 OSSF Order).[5] Appellee further claimed that Kendall County was refusing to adhere to its 2010 Development Rules, which appellee claims exempt Waring from complying with Kendall County's regulations for platting and the subdivision of land. The Commissioners Court affirmed Kendall County's denial of the permits.

Appellee re-urged these arguments to the trial court. Appellee claimed that Rules 101.1400 and 101.1500[6] of the 2010 Development Rules expressly exempt "platted lots

---

[5] The 2006 OSSF Order states:

Rules, Title 30 Texas Administrative Code . . . Chapter 285 and Chapter 30 . . . promulgated by the Texas Commission on Environmental Quality for [OSSF] are hereby adopted, and all officials . . . of Kendall County, Texas having duties under said Rules are authorized to perform such duties as are required of them under said Rules.

[6] Kendall County's 2010 Development Rules 101.1400 and 101.1500 provide:

101.1400          The Rules and Regulations to which a particular development must

in subdivisions recorded and in existence prior to" 2010, such as Waring, from complying with development rules relating to lot size, minimum road footage, and lot setbacks. Yet, according to appellee, appellants denied its request for permits based 2010 Development Rules—the very same rules. Appellee further attached the 2006 OSSF Order, claiming that Kendall County's more stringent OSSF rules only apply to subdivisions of land created on or after March 13, 2006.

Appellee sought a permanent injunction against appellants enjoining them from requiring appellee to obtain a permit for development on the property, applying or enforcing the 2010 Development Rules against appellee for construction, and enforcing 2010 Development Rule 300.1100 against appellee. Appellee requested that appellants be compelled to issue permits for Block 19.

## IV.    TRIAL COURT'S JURISDICTION OVER COMMISSIONERS COURT

"The district court may exercise general supervisory control when the commissioners court (1) fails to perform a mandatory act; (2) performs an unauthorized act; or (3) abuses its discretion while undertaking an act it is authorized to perform." *Henry*, 499 S.W.3d at 543. First, if a commissioners court fails to perform a clear statutory duty, the district court may mandate that it do so. *See Vondy v. Comm'rs Ct. of Uvalde*

---

comply are those in effect on the date the preliminary plat application for the development is submitted to the County, provided the application timely submits required documents and information in accordance with section 206.

101.1500    The limitations and restrictions prescribed in these Rules and Regulations concerning lot size, minimum road frontage and building set back lines shall not apply to platted lots in subdivisions recorded and in existence prior to the effective date of these Rules and Regulations. However, any future alterations of the boundaries of such lots, whether through division or combination, shall be subject to the procedures set out in these Rules and Regulations.

*Cnty.*, 620 S.W.2d 104, 108–09 (Tex. 1981) (holding that where the commissioners court failed to comply with a state constitutional provision mandating that it compensate constables on a salary basis, the district court should have exercised its general supervisory jurisdiction to grant the constable's request for mandamus relief). Second, the district court has jurisdiction over claims alleging that a commissioners court acted illegally or exceed its authority. *Henry*, 499 S.W.3d at 553; *Wichita County v. Bonnin*, 182 S.W.3d 415, 421 (Tex. App.—Fort Worth 2005, pet. denied) (finding the trial court had jurisdiction over a complaint that the commissioners court failed to comply with a mandatory duty imposed by law or committed an illegal act by refusing to implement a petition). Third, the district court has discretion to determine whether a commissioners court abused the discretion entrusted to it. *Ector County v. Stringer*, 843 S.W.2d 477, 479 (Tex. 1992) ("Once the commissioners court acts, the district court may review the commissioners' orders to determine if they are arbitrary, or otherwise constitute an abuse of discretion."). "This basis for jurisdiction can be invoked by allegations that the commissioners court's decision is arbitrary, capricious, or unsupported by substantial evidence." *Henry*, 499 S.W.3d at 553.

## V.    DISCUSSION

In its petition, appellee asserted that appellants acted ultra vires, failed to perform a purely ministerial act, acted without authority, and exceeded the bounds of their authority by: (1) denying appellee a development permit, (2) requiring appellee to comply with requirements in the 2010 Development Rules when the 2010 Development Rules and the 2006 OSSF Order exempt Waring from compliance; (3) enforcing 2010 Development Rule 300.1100.9 in contravention of Texas Local Government Code

8

§ 232.101[7]; (4) enforcing Section 10 of the 2006 OSSF Order in contravention of § 232.101; (5) enforcing Kendall County rules and regulations that regulate residential density in unincorporated areas when § 232.101 prohibits such action; and (6) requiring a development permit when Texas Local Government Code § 233.153[8] prohibits a county from requiring a building permit.

Appellee further alleged that the Commissioners Court failed to perform a clear statutory duty by not adhering to the exemptions in 2010 Development Rules and 2006 OSSF Order; that appellants' refusal to recognize the town of Waring and deny appellee development and OSSF permits were "illegal, unreasonable, or arbitrary" actions; and that appellants abused their discretion by attempting to enforce restrictions that the Texas Legislature has expressly prohibited. *See Comm'rs Ct. of Grayson Cnty. v. Albin,* 992 S.W.2d 597, 605 (Tex. App.—Texarkana 1999, pet. denied) ("The statute does not give the county commissioners the option of not filing the plat if the requirements of the statute are met.").

Accepting these allegations as true, as we must, we conclude appellee's allegations vest supervisory jurisdiction in the trial court to review the Commissioners Court's decision. *See Henry v. Cox,* 520 S.W.3d 28, 36 (Tex. 2017). Alternatively, appellee has raised claims alleging *ultra vires* actions, to which governmental immunity does not apply. *See City of Houston v. Hous. Mun. Emps. Pension Sys.,* 549 S.W.3d 566,

---

[7] "Unless otherwise authorized by state law, a commissioners court shall not regulate under this section . . . the number of residential units that can be built per acre of land." TEX. LOC. GOV'T CODE ANN. § 232.101(4).

[8] "This subchapter may not be construed to . . . require prior approval by the county before the beginning of new residential construction." *Id.* § 232.101(4).

576 (Tex. 2018) ("Even if a governmental entity's immunity has not been waived by the Legislature, a claim may be brought against a governmental official if the official engages in ultra vires conduct [;] Plaintiffs in an *ultra vires* suit must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." (internal citations omitted)); *Vondy v. Comm'rs Ct. of Uvalde Cnty.*, 714 S.W.2d 417, 420 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.) (holding the district court's jurisdiction was invoked by allegations that the commissioners' order is "arbitrary, capricious, unsupported by substantial evidence or that the court has acted beyond its jurisdiction"). "[I]f the commissioners court of [Kendall] County acted arbitrarily without the exercise of any discretion or clearly abused its discretion, the district court in the exercise of powers above enumerated could have abrogated such action." *Bomer v. Ector Cnty. Commn'rs Ct.*, 676 S.W.2d 662, 665 (Tex. App.—El Paso 1984, writ ref'd n.r.e.).

In the trial court, appellants did not cite any authority divesting the trial court of its supervisory jurisdiction pursuant to Article V, § 8. More importantly, appellants do not address Article V, § 8 on appeal. "To obtain a reversal of a trial court's judgment or order, an appellant must challenge all independent bases or grounds that fully support a judgment or appealable order." *Trevino v. City of San Antonio*, 685 S.W.3d 863, 867 (Tex. App.—San Antonio 2023, no pet.) (cleaned up). Nowhere in appellants' brief is there any mention of Article V, § 8 or any attempt to demonstrate why that constitutional provision does not independently support the trial court's order. *See id.* ("In the absence of a challenge to all asserted grounds, 'we must accept the validity of the unchallenged independent grounds and affirm the adverse ruling.'") (quoting *In re Elamex, S.A. de C.V.*, 367 S.W.3d 879, 888 (Tex. App.—El Paso 2012, orig. proceeding)).

10

Instead, appellants attempt to rebut the merits of appellee's claims by referring to numerous pieces of evidence they have now attached as appendices to their appellate brief but did not present to the trial court. Appellants ask us to take judicial notice of the documents attached as exhibits to their brief. We decline to do so. *See Greystar, LLC v. Adams*, 426 S.W.3d 861, 865 (Tex. App.—Dallas 2014, no pet.) ("It is well-established an appellate court may not consider matters outside the record, which includes documents attached to a brief as an exhibit or an appendix that were not before the trial court."). Whether appellee can ultimately prove appellants acted arbitrarily is irrelevant at this stage of litigation where appellants merely challenged the sufficiency of the pleadings to establish jurisdiction. *See Miranda*, 133 S.W.3d at 226; *see also Hensley v. State Comm'n on Jud. Conduct*, No. 03-21-00305-CV, 2025 WL 1535272, at *8 (Tex. App.—Austin May 30, 2025, no pet. h.) ("In reviewing a plea to the jurisdiction, as we do here, we cannot examine the merits of the case . . . . but must consider only the plaintiff's pleadings and evidence pertinent to the jurisdictional inquiry.").

Construing the pleadings liberally in appellee's favor, we conclude that appellee affirmatively demonstrated the trial court's subject matter jurisdiction over its claims. *See Miranda*, 133 S.W.3d at 226 (providing that we need only "determine if [appellee] has alleged facts that affirmatively demonstrate [the trial court's] jurisdiction to hear [the merits of] the cause"); *see also Rattray v. City of Brownsville*, 662 S.W.3d 860, 868 (Tex. 2023) ("The rigor of proof required to satisfy a court that jurisdiction is present increases at each stage of litigation, as with disputes over traditional subject-matter jurisdiction."). Accordingly, the trial court did not err when it denied appellants' plea to the jurisdiction. We overrule appellants' issues.

11

## VI. CONCLUSION

We affirm the judgment of the trial court.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
3rd day of July, 2025.